NO. 07-07-0318-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2007

_____

MICHAEL SCOTT, APPELLANT

V.

DAVID WALKER, ET AL., APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 93,924-B; HONORABLE JOHN BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant, Michael Scott, an inmate proceeding pro se, appeals a final judgment dismissing his suit against Appellees. The judgment was signed on April 16, 2007, and the notice of appeal was filed on July 18, 2007.[1]

_____

[1]Rule 26.1 of the Texas Rules of Appellate Procedure provides that a notice of appeal is due within thirty days after the judgment is signed; however, subparagraph (a)(1)

This Court is obligated to determine, *sua sponte*, its jurisdiction to entertain an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied), citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). A timely notice of appeal invokes this Court's jurisdiction. *See* Tex. R. App. P. 25.1 & 26.1. *See also Garza v. Hibernia Nat. Bank*, 227, S.W.3d 233 (Tex.App.–Houston [1st Dist.] 2007, no pet.).

By letter dated August 1, 2007, the Court directed Scott to show cause why his appeal should not be dismissed for want of jurisdiction due to an untimely notice of appeal. Scott filed a response in which he maintains that the time in which to file his notice of appeal was extended to ninety days because his motion for new trial was timely filed pursuant to *Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004).[2]

Motion for New Trial

Because the judgment in question was signed on April 16, 2007, Scott's motion for new trial was due to be filed no later than May 16, 2007. The clerk's record reflects that the motion for new trial was not filed until May 21, 2007. The envelope in which he mailed his motion for new trial reflects a postmark of May 18, 2007. Scott alleges that because he deposited his motion for new trial with prison mailing authorities on May 16, 2007, the

provides for a ninety-day deadline when a timely motion for new trial is filed.

[2]*Warner* holds that a pro se inmate's petition that is placed in a properly addressed and stamped envelope or wrapper is deemed filed at the moment prison authorities received the document for mailing. 135 S.W.3d at 682.

2

motion was timely filed. *See id.* Because Scott's motion for new trial was not filed within thirty days, in order to determine its jurisdiction this Court must determine how and when Scott deposited his motion for new trial with prison authorities.

Notice of Appeal

Assuming Scott's motion for new trial was timely filed, then his notice of appeal was due within ninety days after the judgment was signed, or July 15, 2007. That date, however, fell on a Sunday which extended the deadline to Monday, July 16. Tex. R. App. P. 4.1(a). However, the clerk's record reflects that the notice of appeal was filed with the trial court clerk on July 18, 2007. A notice that is filed outside the ninety-day deadline but within fifteen days may still be considered timely if the party filing the notice provides this Court with a reasonable explanation for the late notice. *See* Tex. R. App. P. 26.3. *See also Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Because the notice of appeal in this case was potentially filed within that fifteen day period, in order to determine its jurisdiction, this Court must determine whether Scott has a reasonable explanation for the late notice of appeal.

The dates that Scott's motion for new trial and notice of appeal were delivered to prison authorities and Scott's reasons for the late filing of his notice of appeal are fact questions we are unable to determine. Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary, including a hearing, if necessary, to determine the following:

3

1. whether Scott's *Motion for New Trial* was placed in a properly addressed and stamped envelope or wrapper and the date prison authorities received the motion for mailing; and

2. whether Scott's *Notice of Appeal* was placed in a properly addressed and stamped envelope or wrapper and the date prison authorities received the notice for mailing.

3. any explanation as to why Scott may have filed his *Notice of Appeal* late.

The trial court shall gather evidence such as mail logs, returned receipts, or other proof of mailing from Scott, the Texas Department of Criminal Justice, or any other source to determine the dates the documents at issue were deposited with prison authorities. The trial court shall execute findings of fact, conclusions of law, and any other order it may deem necessary regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record. A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by September 21, 2007.

It is so ordered.

Per Curiam

4