NO. 07-07-0318-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 24, 2007



______________________________




MICHAEL SCOTT, APPELLANT



V.



DAVID WALKER, ET AL., APPELLEES



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 93,924-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND


 Appellant, Michael Scott, an inmate proceeding pro se, appeals a final judgment
dismissing his suit against Appellees. The judgment was signed on April 16, 2007, and the
notice of appeal was filed on July 18, 2007. (1) 

 This Court is obligated to determine, sua sponte, its jurisdiction to entertain an
appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied),
citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). A
timely notice of appeal invokes this Court's jurisdiction. See Tex. R. App. P. 25.1 & 26.1. 
See also Garza v. Hibernia Nat. Bank, 227, S.W.3d 233 (Tex.App.-Houston [1st Dist.]
2007, no pet.). 

 By letter dated August 1, 2007, the Court directed Scott to show cause why his
appeal should not be dismissed for want of jurisdiction due to an untimely notice of appeal. 
Scott filed a response in which he maintains that the time in which to file his notice of
appeal was extended to ninety days because his motion for new trial was timely filed
pursuant to Warner v. Glass, 135 S.W.3d 681, 682 (Tex. 2004). (2) Motion for New Trial

 Because the judgment in question was signed on April 16, 2007, Scott's motion for
new trial was due to be filed no later than May 16, 2007. The clerk's record reflects that
the motion for new trial was not filed until May 21, 2007. The envelope in which he mailed
his motion for new trial reflects a postmark of May 18, 2007. Scott alleges that because
he deposited his motion for new trial with prison mailing authorities on May 16, 2007, the
motion was timely filed. See id. Because Scott's motion for new trial was not filed within
thirty days, in order to determine its jurisdiction this Court must determine how and when
Scott deposited his motion for new trial with prison authorities.

Notice of Appeal

 Assuming Scott's motion for new trial was timely filed, then his notice of appeal was
due within ninety days after the judgment was signed, or July 15, 2007. That date,
however, fell on a Sunday which extended the deadline to Monday, July 16. Tex. R. App.
P. 4.1(a). However, the clerk's record reflects that the notice of appeal was filed with the
trial court clerk on July 18, 2007. A notice that is filed outside the ninety-day deadline but
within fifteen days may still be considered timely if the party filing the notice provides this
Court with a reasonable explanation for the late notice. See Tex. R. App. P. 26.3. See
also Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). Because the notice of
appeal in this case was potentially filed within that fifteen day period, in order to determine
its jurisdiction, this Court must determine whether Scott has a reasonable explanation for
the late notice of appeal.

 The dates that Scott's motion for new trial and notice of appeal were delivered to
prison authorities and Scott's reasons for the late filing of his notice of appeal are fact
questions we are unable to determine. Therefore, we now abate this appeal and remand
the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize
whatever means necessary, including a hearing, if necessary, to determine the following: 
 1. whether Scott's Motion for New Trial was placed in a properly addressed
and stamped envelope or wrapper and the date prison authorities received
the motion for mailing; and


 2. whether Scott's Notice of Appeal was placed in a properly addressed and
stamped envelope or wrapper and the date prison authorities received the
notice for mailing.


 3. any explanation as to why Scott may have filed his Notice of Appeal late.



 The trial court shall gather evidence such as mail logs, returned receipts, or other
proof of mailing from Scott, the Texas Department of Criminal Justice, or any other source
to determine the dates the documents at issue were deposited with prison authorities. The
trial court shall execute findings of fact, conclusions of law, and any other order it may
deem necessary regarding the aforementioned issues and cause its findings, conclusions,
and orders, if any, to be included in a supplemental clerk's record. A supplemental
reporter's record of the hearing, if any, shall also be included in the appellate record. 
Finally, the trial court shall file the supplemental clerk's record and the supplemental
reporter's record with the Clerk of this Court by September 21, 2007.

 It is so ordered.


 Per Curiam

 
1. Rule 26.1 of the Texas Rules of Appellate Procedure provides that a notice of
appeal is due within thirty days after the judgment is signed; however, subparagraph (a)(1)
provides for a ninety-day deadline when a timely motion for new trial is filed. 
2. Warner holds that a pro se inmate's petition that is placed in a properly addressed
and stamped envelope or wrapper is deemed filed at the moment prison authorities
received the document for mailing. 135 S.W.3d at 682.