NO. 07-07-0318-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 11, 2008

_____


MICHAEL SCOTT, APPELLANT

V.

DAVID WALKER, ET AL., APPELLEES

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 93,924-B; HONORABLE JOHN BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Scott, an inmate proceeding pro se, appeals a final judgment dismissing his suit against Appellees. The judgment was signed on April 16, 2007, and the notice of appeal was filed on July 18, 2007. Because the notice of appeal was untimely, we dismiss for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction to entertain an appeal. *Welch v. McDougal*, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied), citing *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). A timely filed notice of appeal invokes this Court's jurisdiction. *See* Tex. R. App. P. 25.1 & 26.1. *See also Garza v. Hibernia Nat. Bank*, 227, S.W.3d 233 (Tex.App.–Houston [1st Dist.] 2007, no pet.). Except in circumstances not relevant to this appeal, the notice of appeal must be filed within 30 days after the judgment is signed, unless any party timely files a motion for new trial. *See* Tex. R. App. P. 26.1. A motion for new trial must be filed within 30 days after the judgment is signed. *See* Tex. R. Civ. P. 329b.

**Chronology**

According to the clerk's record filed on August 14, 2007, the following dates are relevant to the determination of this Court's jurisdiction:

| | |
|---|---|
| April 16, 2007 | Judgment is signed. |
| May 16, 2007 | Motion for new trial is due. Notice of appeal is due, unless any party timely files a motion for new trial. |
| May 18, 2007 | Postmark on envelope containing motion for new trial. |
| May 21, 2007 | Motion for new trial is filed with District Clerk. |
| July 16, 2007[1] | Notice of appeal due, if any party timely files a motion for new trial. |
| July 18, 2007 | Notice of appeal filed with District Clerk. |

---

[1]The deadline fell on Sunday, July 15, and was extended to Monday, July 16 under Rule 4.1(a) of the Texas Rules of Appellate Procedure. The postmark on the envelope containing the notice of appeal is a part of the Clerk's Record, but is not legible.

## Procedural Background

On August 1, 2007, based upon the record before this Court at that time, it appearing as though Appellant's notice of appeal was not timely filed, this Court directed Appellant to show cause why his appeal should not be dismissed for want of jurisdiction due to an untimely notice of appeal. Appellant responded, taking the position that he timely filed a motion for new trial on May 16, 2007, pursuant to *Warner v. Glass*, 135 S.W.3d 681, 682 (Tex. 2004).[2] Appellant opined that the time in which to file his notice of appeal was thereby extended to ninety days after the judgment was signed. *See* Tex. R. App. P. 26.1(a)(1). Assuming, *arguendo*, that Appellant timely filed a motion for new trial, the notice of appeal, albeit chronologically late, could have been considered as being timely filed if it too had been timely placed in the hands of prison authorities for mailing. Furthermore, again assuming a timely filed motion for new trial, the notice of appeal was filed within the fifteen-day extension period provided by Rule 26.3 of the Texas Rules of Appellate Procedure. Because this Court did not have before it information concerning when Appellant may have placed either his motion for new trial or his notice of appeal with prison authorities, and because this Court did not have a reasonable explanation for granting a motion to extend time to file a notice of appeal, this Court abated the appeal and

---

[2]*Warner* holds that a pro se inmate's petition that is placed in a properly addressed and stamped envelope or wrapper is deemed filed at the moment prison authorities received the document for mailing.

remanded the cause to the trial court to utilize whatever means necessary to determine those facts.

On December 13, 2007, the trial court conducted a hearing to determine the fact issues posed by this Court. All parties were notified of the hearing. The trial court made arrangements with the Texas Department of Criminal Justice - Institutional Division to have Appellant available by phone in the Institution's law library. Appellant chose not to avail himself of that opportunity. The trial court received and reviewed numerous pages of mail log records from prison authorities which were provided by the Texas Attorney General.

**Trial Court's Findings**

Following that hearing, the trial court filed Findings of Fact and Conclusions of Law. In its findings, the trial court determined that Appellant has numerous suits pending in Potter County and that the mail log entries do not indicate to which particular suit a mailing pertains. By Finding of Fact No. 13, the trial court found that Appellant mailed an item to the trial court clerk, Caroline Woodburn, on May 8, 2007, and by Finding of Fact No. 15, found that the next mail log entry to Caroline Woodburn occurred on May 17, 2007. Finding of Fact No. 16, found: "Mr. Scott's Motion for New Trial was untimely filed at the earliest on May 17, 2007." Therefore, we conclude that Appellant's motion for new trial was placed in the hands of prison authorities on May 17, 2007. As such, Appellant's motion for new trial was not timely filed. Because there was no timely filed motion for new trial, Appellant only had thirty days from the date judgment was signed in which to file his

notice of appeal. Tex. R. App. P. 26.1. The trial court correctly concluded that Scott's motion for new trial and notice of appeal were both untimely.

**Appellant's Objection to Finding of Fact No. 16**

On January 7, 2008, Appellant filed an objection to Finding of Fact No. 16. Appellant insists that he placed the motion for mailing with prison authorities on May 16, 2007. He explains that the motion was removed by the mailroom clerk and then processed through the mail system and not recorded until May 17, 2007. He requests a second hearing to determine the mailroom procedure for handling of inmate legal mail. We overrule his objection and deny his request for a second hearing.

An inmate has the constitutional right to access the courts for the purpose of presenting complaints. *Cruz v. Beto,* 405 U.S. 319, 321, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). In *Warner*, the Court adopted an interpretation of the word "file" in the Inmate Litigation Act[3] in a manner that provides an inmate access to the courts given the "unique problem that arises when one party is forced to rely on his opposing party to ensure pleadings are timely filed." 135 S.W.3d at 685. Appellant was given an opportunity to access the courts and did not avail himself of that right. He now seeks a second bite at the apple to which he is not entitled. Appellant was afforded the opportunity at the first hearing to enlighten the trial court on the prison mailroom procedures, but chose not to. Having

---

[3]Tex. Civ. Prac. & Rem. Code Ann. § 14.001 - 14.014 (Vernon 2002).

5

failed to timely apprise the trial court of his position, Appellant waived any objection that he might have to the trial court's findings of fact.

Accordingly, we dismiss this appeal for want of jurisdiction.

Patrick A. Pirtle
Justice