**Charles Clay WARNER, Jr., Appellant,**

v.

**Zelda GLASS, Appellee.**

No. 06–02–00165–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 6, 2003.

Decided Jan. 9, 2003.

Charles Clay Warner, Jr., Iowa Park, TX, pro se.

Harold J. Liller, Asst. Atty. Gen., Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

■ Charles Clay Warner, Jr. appeals from an order of dismissal in his suit against Zelda Glass. Warner, an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ), sued Glass, an employee of TDCJ, alleging she was deliberately indifferent to his safety from assault by a prison gang. Glass moved for dismissal under TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b) (Vernon 2002). That provision requires a trial court to dismiss a claim by an inmate proceeding *in forma pauperis* if the inmate failed to file the claim "before the 31st day after the date the inmate receives the written decision from the grievance system." *Id.*

■ Warner contends the trial court erred in dismissing his claim "for failure to comply with the requirements of Chapter Fourteen of the Civil Practice and Remedies Code." We review a dismissal under Chapter 14 of the Civil Practice and Remedies Code using an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

The parties do not dispute that Warner received a written decision on his second stage grievance on June 6, 2001. Warner's petition was filed in the district clerk's office on July 13, 2001, thirty-seven days after he received the grievance decision.

Warner contends Texas Rules of Civil Procedure 4 and 5 make his petition timely. Rule 4 provides that, in calculating any time period provided by an applicable statute, the day of the event after which the designated time period begins to run is not included, but the last day of the period is included unless it is a Saturday, Sunday, or legal holiday. TEX.R. CIV. P. 4. Under Rule 5, a document is deemed timely filed if (1) it is sent to the proper clerk, (2) by first-class United States mail, (3) in a properly addressed and stamped envelope, (4) on or before the last day for filing, and (5) it is received not more than ten days tardily. TEX.R. CIV. P. 5.

Glass contends Rules 4 and 5 do not apply because TEX. CIV. PRAC. & REM.CODE ANN. § 14.014 (Vernon 2002) provides that the provisions of Chapter 14 cannot be modified or repealed by a rule adopted by the Texas Supreme Court. No court has decided the effect of Section 14.014 on Rules of Civil Procedure such as Rules 4 and 5. However, the plain language of the statute indicates that the Legislature intended to apply strict timetables to suits filed by inmates proceeding *in forma pauperis*.

Further, a similarly worded provision found in TEX. FAM.CODE ANN. § 111.002(b) (Vernon 2002) provides that the statutory guidelines regarding possession and child support "may not be repealed or modified by a rule adopted by the supreme court." The Texas Supreme Court, in dicta, has construed Section 111.002(b)'s predecessor to mean that the statutory guidelines regarding child support superseded previous guidelines promulgated by the Texas Supreme Court. *Rodriguez v. Rodriguez*, 860 S.W.2d 414, 416 n. 1 (Tex.1993) (citing TEX. FAM.CODE ANN. § 14.052(d), a predecessor to Section 111.002(b)).

In the present case, Warner's petition was not filed in the district clerk's office "before the 31st day after the date [he] receive[d] the written decision from the grievance system." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b) (Vernon 2002). Because Section 14.005(b) requires the tri-

al court to dismiss such a claim, the trial court did not abuse its discretion in dismissing Warner's suit. *See id.* We need not address Glass' further contention that Warner's suit was untimely even if Rules 4 and 5 apply.

The judgment is affirmed.