IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00042-CV

 

Charles E. Hutchinson,

                                                                                    Appellant

 v.

 

TDCJ-ID, et al,

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 25,136

 



MEMORANDUM  Opinion



 

By three issues,
which can be categorized as two, appellant, Charles E. Hutchinson, an inmate
proceeding pro se and in forma pauperis, challenges the trial court’s dismissal
of his lawsuit against appellees, Texas Department of Criminal
Justice—Institutional Division (“TDCJ”) and TDCJ employees, Edward W. Smith,
David Bratz, Barry Moran, Lisa Mantle, Marla Rollins, David M. Rice, Carey S.
Staples, and Cheryl Lawson.[1] 
We affirm.

I.      
Background

 

In his lawsuit, which was filed on May
27, 2010, appellant asserted that, in retaliation for being a “writ writer,”
appellees damaged his typewriter and confiscated three legal books from
appellant during a “unit shakedown.”  Appellant also argued that appellees
engaged in a “civil conspiracy” to violate his due process rights and his right
of access to the courts by refusing to consider two witness affidavits in his
initial grievances and by failing to return the affidavits to him.  Appellant
sought declaratory and monetary relief from appellees.

Appellees responded to appellant’s
lawsuit by filing an answer denying all of the allegations contained in
appellant’s petition and asserting numerous affirmative defenses, including
statute of limitations.  Later, appellees moved to dismiss appellant’s suit as
frivolous for, among other things, failing to exhaust all administrative
remedies prior to filing suit and for failing to file his petition within
thirty-one days of his receipt of written decisions from the grievance system
regarding his grievances.  Without a hearing, the trial court granted
appellees’ motion and dismissed with prejudice appellant’s claims as
frivolous.  However, prior to dismissing appellant’s claims, the trial court
entered an order assessing $232 in court costs and fees against appellant.  It
is from these two orders that appellant now appeals.

II.   
Standard of Review and Applicable Law

 

We review the
trial court’s dismissal of an in forma pauperis suit under an abuse of
discretion standard.  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.—Waco 1996, no writ).  A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or
principles.  Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston
[1st Dist.] 1998, no pet.).  We will affirm a dismissal if it was proper under
any legal theory.  Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex.
1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ
denied).  The trial courts are given broad discretion to determine whether a
case should be dismissed because:  (1) prisoners have a strong incentive to
litigate; (2) the government bears the cost of an in forma pauperis suit; (3)
sanctions are not effective; and (4) the dismissal of unmeritorious claims
accrue to the benefit of state officials, courts, and meritorious claimants.  See
Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no
writ).  Moreover, in determining whether claims are frivolous or malicious and
subject to dismissal, a trial court may consider whether: (1) the claim’s
realistic chance of ultimate success is slight; (2) the claim has no arguable
basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; and (4) the claim is substantially similar to a previous
claim filed by the inmate because the claim arises out of the same operative
facts.  Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (Vernon 2002); see Spurlock v. Schroedter,
88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, pet. denied).

            Chapter 14 of the Texas
Civil Practice and Remedies Code controls most lawsuits brought by inmates who
have filed an affidavit or unsworn declaration of inability to pay costs, as is
the case here.  Tex. Civ. Prac. &
Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at
398.  Chapter 14 imposes several procedural requirements that an inmate must
comply with to bring a lawsuit without paying filing fees.  See Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.004, 14.005 (Vernon 2002).  Failure to meet the procedural
requirements will result in the dismissal of an inmate’s suit.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet) (citing Bell
v. Tex. Dep’t of Criminal Justice—Inst. Div., 962 S.W.2d 156, 158 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied)).

            One such procedural
requirement is that the inmate must properly exhaust his administrative
remedies by completing the internal TDCJ grievance process before filing a
lawsuit.  Tex. Civ. Prac. & Rem.
Code Ann. § 14.005; Leachman v. Dretke, 261 S.W.3d 297, 308-10
(Tex. App.—Fort Worth 2008, no pet.) (op. on reh’g) (describing the grievance
process).  Section 14.005, entitled “Grievance System Decision; Exhaustion of
Administrative Remedies,” provides as follows:

(a)  
An inmate who files
a claim that is subject to the grievance system established under Section
501.008, Government Code, shall file with the court:

 

(1)  
an affidavit or
unsworn declaration stating the date that the grievance was filed and the date
the written decision described by Section 501.008(d), Government Code, was
received by the inmate; and

 

(2)  
a copy of the
written decision from the grievance system.

 

(b)  
A court shall
dismiss a claim if the inmate fails to file the claim before the 31st day after
the date the inmate receives the written decision from the grievance system. 

 

Tex. Civ. Prac.
& Rem. Code Ann. §
14.005(a), (b).  These requirements serve two purposes.  First, an inmate’s
compliance with this measure will demonstrate that he has exhausted his
administrative remedies, and second, the information provided by the inmate
will enable the court to determine whether the inmate has filed his claim
within the requisite time period.  See Garrett v. Borden, 283 S.W.3d
852, 853 (Tex. 2009); Smith v. Tex. Dep’t of Criminal Justice—Inst. Div.,
33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied).  An inmate’s
failure to comply with section 14.005 subjects his suit to dismissal.  See
Smith, 33 S.W.3d at 341.

III. Exhaustion of
Administrative Remedies

 

By his first
issue, appellant contends that he filed three grievances pertaining to the same
subject matter and that the date of the last filing should be used to calculate
whether he timely exhausted his administrative remedies.  Essentially,
appellant argues that his lawsuit was timely filed and that he exhausted his
administrative remedies because he received the denial of his third Step 2
grievance on April 30, 2010, and because he placed his petition in the mail on
May 27, 2010, less than thirty-one days from receiving the final Step 2
denial.  We disagree.

Here, appellant
filed three different sets of Step 1 and Step 2 grievances.  Appellant’s
initial grievances sought redress for the alleged damage to his typewriter and
the alleged confiscation of his legal books.  Appellant’s second set of
grievances addressed two witness affidavits that he sought to attach to the
initial grievances so that the initial grievances could be reconsidered with
the witness affidavits.  In his third set of grievances, appellant sought the
return of the witness affidavits and requested that the Office of the Inspector
General conduct an investigation to determine whether a “civil conspiracy” had
occurred.  With regard to his three sets of grievances, appellant acknowledged
that he received Step 2 denials for each of the three grievances on March 26,
2010; March 30, 2010; and April 30, 2010, respectively.

On appeal,
appellant argues that all of his grievances stemmed from the same subject
matter; thus, he had to exhaust all of his grievances before he could file his
petition in this matter.  This argument is not supported in the law.

Nothing in
section 14.005 indicates that the filing of additional grievances serves to
extend the deadline to file a petition in response to a decision from the
grievance system.  See Tex. Civ.
Prac. & Rem. Code Ann. § 14.005; see also Allen v. Tex. Dep’t of
Criminal Justice—Inst. Div., 80 S.W.3d 681, 683 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied) (“This second grievance involved the same issues as
his first grievance, which had previously been denied . . . .  Filing this
second grievance did not extend appellant’s deadline to file his state court
claim. . . .  Nothing in the statute [section 14.005] indicates that
appellant’s pursuit of a federal remedy or his filing a second grievance would
suffice to extend the deadline to file a state claim.”).  Moreover, appellant’s
insistence that the doctrine of “equitable tolling” allowed him to wait to file
suit until his final grievance was resolved is unfounded.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.014; see also Doyle v. Lucy, No. 14-03-00039-CV, 2004 Tex. App. LEXIS
2790, at *11 (Tex. App.—Houston [14th Dist.] Mar. 30, 2004, no pet.) (mem. op.)
(“[T]he plain language of section 14.014, which provides that the provisions of
Chapter 14 cannot be modified or repealed by a rule adopted by the Texas Supreme
Court, indicates that the legislature intended to apply strict timetables to
suits filed by inmates proceeding in forma pauperis.”) (citing Warner v.
Glass, 96 S.W.3d 640, 641 (Tex. App.—Texarkana 2003) (holding that Texas
Rules of Civil Procedure 4 and 5 do not act to extend the thirty-one day
requirement of section 14.005(b)), reversed on other grounds, 135 S.W.3d
681 (Tex. 2004) (per curiam)).  Because he admits that his grievances all
pertain to the same subject matter, appellant was required to file suit in
state district court within thirty-one days after receiving his first Step 2
denial on March 26, 2010.[2] 
See Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(b).  However, appellant did not file suit until May
27, 2010, more than a month after he should have filed suit.  See id. 
Because appellant failed to timely file his lawsuit within the timeframe
outlined in section 14.005(b), the trial court was obligated to dismiss
appellant’s lawsuit.  See id.; see also Hamilton v. Williams, 298
S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) (holding that an
appellate court may affirm the dismissal for failure to exhaust administrative
remedies even if that ground was not the basis of the trial court’s dismissal
in an inmate suit subject to chapter fourteen); Retzlaff v. Tex. Dep’t of
Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002,
pet. denied) (“Where no fact hearing is held, we affirm a dismissal under
Chapter 14 of the Civil Practice and Remedies Code upon any grounds presented
in the motion [to dismiss].”).  Accordingly, we overrule appellant’s first
issue.[3]

IV. Assessment of
Court Costs and Fees

 

In his second issue, appellant complains
about the trial court’s assessment of $232 in court costs and fees against
him.  Specifically, appellant argues that he should not have to pay those fees
because he is indigent and that the payment of those fees by garnishment from
his inmate account should not occur without his consent.  Appellees counter
that section 14.006 of the civil practice and remedies code authorizes the
assessment of court costs and fees and that the collection of those fees is not
contingent upon appellant’s consent.[4]

Section 14.006(a) of the civil practice
and remedies code provides that:  “A court may order an inmate who has filed a
claim to pay court fees, court costs, and other costs in accordance with this
section and Section 14.007.”  Tex. Civ.
Prac. & Rem. Code Ann. § 14.006(a) (Vernon 2002).  In its order
assessing court costs and fees, the trial court directed appellant to:

Pay an initial amount equal
to the lesser of:

 

(1)  
20% of the preceding
six month’s [sic] deposits in the Inmates’ [sic] Trust Account; or

 

(2)  
The total amount of
fees and costs.

 

In each month following in which the
initial payment is made Charles E. Hutchinson, TDCJ #595330 shall pay an
amount equal to the lesser of:

 

(1)  
10% of that month’s
deposit[s] to the Inmate Trust Account; or

 

(2)  
The total amount of
fees that remain unpaid[.]

 

Payments are to continue until the total
amount certified is paid, [or] Charles E. Hutchinson, TDCJ #595330 is
released from confinement.

 

On receipt of a copy of this Order, the
department (Inmate Trust Account) shall withdraw money from the trust account
of the inmate, hold same in a separate account, and shall forward said money to
the Court clerk who submitted the Bill of Costs on the earlier of the following
dates:

 

(1)  
The date the total
amount to be forwarded equals the total amount which remains unpaid; 

 

OR

 

(2)  
The date the inmate
is released.

 

(Emphasis in original).  

The trial court’s order mirrors sections
14.006(b) through (e) of the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. §
14.006(b)-(e).  Moreover, we note that the filing of a lawsuit in forma
pauperis does not preclude the trial court from imposing court costs and fees,
nor does it absolve the inmate of having to pay such costs and fees.  See
id. § 14.006(a)-(b), (e); Thomas v. Skinner, 54 S.W.3d 845, 847
(Tex. App.—Corpus Christi 2001, pet. denied); see also Hamilton v. Thompson,
No. 12-07-00231-CV, 2008 Tex. App. LEXIS 4875, at **7-8 (Tex. App.—Tyler June
30, 2008, pet. denied) (mem. op.) (“According to the clear language of the
statute [section 14.006], the trial court was authorized to assess court costs
against Hamilton even though his claim was not dismissed as frivolous or
malicious.”).  Based on the foregoing, we cannot say that the trial court
abused its discretion in assessing court costs and fees against appellant and
ordering that the court costs and fees be collected from appellant’s inmate
account.  See Thomas v. Knight, 52 S.W.3d 292, 296 (Tex. App.—Corpus
Christi 2001, pet. denied).  We overrule appellant’s second issue.[5]

V.   
Conclusion

 

Having overruled both of appellant’s
issues, we affirm the judgment of the trial court.

 

 

AL SCOGGINS

                                                                        Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed July 13, 2011

[CV06]

 








 









[1] Appellant initially filed suit against TDCJ,
Edward W. Smith, David Bratz, Cheryl Lawson, Lisa Mantle, Barry Moran, Carey S.
Staples, Marla Rollins, and David M. Rice.  Smith, Bratz, Lawson, Mantle,
Moran, Staples, Rollins, and Rice filed a joint answer denying appellant’s
claims.  Appellant subsequently amended his petition to include a Step 1
grievance filed on May 26, 2010, pertaining to additional incidents involving
Lawson, Rice, Staples, and Daniel Melchor.  In response, appellees moved to
sever appellant’s claims involving the May 26, 2010 Step 1 grievance from the
claims made in this matter; the trial court granted appellees’ motion to sever.





[2] In his appellate brief, appellant
repeatedly asserts that all of his grievances were “interrelated” and that his
subsequent grievances “related back” to his original grievance.

 





[3] To the extent that appellant complains
about the trial court’s failure to conduct a hearing on his lawsuit prior to
dismissal, we note that Texas courts have held that a hearing is not required
when the inmate has failed to exhaust his administrative remedies or, in other
words, when the inmate has failed to comply with section 14.005 of the civil
practice and remedies code.  See, e.g., Addicks v. Rupert, No.
12-09-00288-CV, 2011 Tex. App. LEXIS 3260, at *10 (Tex. App.—Tyler Apr. 29,
2011, no pet.) (mem. op.) (citing McCray v. Scott, No. 09-01-366-CV,
2002 Tex. App. LEXIS 3271, at *1 (Tex. App.—Beaumont May 9, 2002, no pet.) (per
curiam) (mem. op., not designated for publication)).

 





[4] Appellees urge that this issue has
already been addressed in a petition for writ of mandamus that appellant previously
filed in this case pertaining to complaints about funds being withdrawn from
his inmate account.  See In re Hutchinson, No. 10-10-00364-CV, 2010 Tex.
App. LEXIS 8484, at **1-2 (Tex. App.—Waco Oct. 20, 2010, orig. proceeding)
(mem. op.).  Our resolution of appellant’s mandamus petition did not address
whether appellant was required to pay the court costs and fees assessed in the
trial court.  See id. at **1-2.  We specifically noted that, at the time
appellant filed his mandamus petition, this matter was still pending in the
trial court and that we were not authorized to review the trial court’s
interlocutory order assessing court costs and fees.  Id. at **1-2.  As a
result, we declined to address appellant’s complaints about the assessment of court
costs and fees by the trial court.  Id. at *2.  Instead, we waived any
“unpaid filing fees” associated with appellant’s case at the appellate level
and denied appellant’s mandamus petition.  Id.  Given our resolution of
appellant’s mandamus petition, we reject appellees’ assertion that appellant’s
issue has previously been addressed by this Court.





[5] As a sub-issue to issue two, appellant
argues that this suit should not have been dismissed with prejudice due to a
procedural defect.  We have already concluded that the trial court did not
abuse its discretion in dismissing appellant’s suit for failing to timely file
his suit in compliance with section 14.005; thus, in this sub-issue, we must
determine whether the trial court was authorized to dismiss appellant’s claims
with prejudice.  Ordinarily, the dismissal of a lawsuit with prejudice is
improper if plaintiff’s errors can be remedied through, among other things,
amended pleadings.  See Nabelek v. Dist. Att’y of Harris County, 290
S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); Hickman
v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no
pet.).  However, if the error resulting in the dismissal of an inmate’s suit
cannot be remedied, as is this case here, a dismissal with prejudice is
proper.  See Nabelek, 290 S.W.3d at 233 (citing Hickman, 35
S.W.3d at 124); see also Mitchell v. Dretke, No. 10-08-00173-CV, 2010
Tex. App. LEXIS 7606, at *5 (Tex. App.—Waco Sept. 15, 2010, no pet.) (mem. op.)
(concluding that an inmate’s failure to timely file his suit and comply with
section 14.005 of the civil practice and remedies code cannot be remedied;
thus, “dismissal with prejudice was not error”) (citing Wolf v. Tex. Dep’t
of Criminal Justice—Inst. Div., 182 S.W.3d 449, 450-51 (Tex. App.—Texarkana
2006, pet. denied).  Because appellant failed to timely file his lawsuit in
compliance with section 14.005 and because this error cannot be remedied, we
conclude that the trial court did not abuse its discretion in dismissing
appellant’s suit with prejudice.  See Nabelek, 290 S.W.3d at 233; Hickman,
35 S.W.3d at 124; Wolf, 182 S.W.3d at 450-51; see also Mitchell,
2010 Tex. App. LEXIS 7606, at *5.  We, therefore, overrule appellant’s
sub-issue to issue two.