

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00042-CV

**CHARLES E. HUTCHINSON,**

**Appellant**

**v.**

**TDCJ-ID, ET AL,**

**Appellee**

## From the 12th District Court
## Walker County, Texas
## Trial Court No. 25,136

## MEMORANDUM  OPINION

By three issues, which can be categorized as two, appellant, Charles E. Hutchinson, an inmate proceeding pro se and in forma pauperis, challenges the trial court's dismissal of his lawsuit against appellees, Texas Department of Criminal Justice—Institutional Division ("TDCJ") and TDCJ employees, Edward W. Smith, David

Bratz, Barry Moran, Lisa Mantle, Marla Rollins, David M. Rice, Carey S. Staples, and Cheryl Lawson.[1] We affirm.

## I. BACKGROUND

In his lawsuit, which was filed on May 27, 2010, appellant asserted that, in retaliation for being a "writ writer," appellees damaged his typewriter and confiscated three legal books from appellant during a "unit shakedown." Appellant also argued that appellees engaged in a "civil conspiracy" to violate his due process rights and his right of access to the courts by refusing to consider two witness affidavits in his initial grievances and by failing to return the affidavits to him. Appellant sought declaratory and monetary relief from appellees.

Appellees responded to appellant's lawsuit by filing an answer denying all of the allegations contained in appellant's petition and asserting numerous affirmative defenses, including statute of limitations. Later, appellees moved to dismiss appellant's suit as frivolous for, among other things, failing to exhaust all administrative remedies prior to filing suit and for failing to file his petition within thirty-one days of his receipt of written decisions from the grievance system regarding his grievances. Without a hearing, the trial court granted appellees' motion and dismissed with prejudice appellant's claims as frivolous. However, prior to dismissing appellant's claims, the

---

[1] Appellant initially filed suit against TDCJ, Edward W. Smith, David Bratz, Cheryl Lawson, Lisa Mantle, Barry Moran, Carey S. Staples, Marla Rollins, and David M. Rice. Smith, Bratz, Lawson, Mantle, Moran, Staples, Rollins, and Rice filed a joint answer denying appellant's claims. Appellant subsequently amended his petition to include a Step 1 grievance filed on May 26, 2010, pertaining to additional incidents involving Lawson, Rice, Staples, and Daniel Melchor. In response, appellees moved to sever appellant's claims involving the May 26, 2010 Step 1 grievance from the claims made in this matter; the trial court granted appellees' motion to sever.

trial court entered an order assessing $232 in court costs and fees against appellant. It is from these two orders that appellant now appeals.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.—Tyler 1994, no writ). Moreover, in determining whether claims are frivolous or malicious and subject to dismissal, a trial court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; and (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002);

*see Spurlock v. Schroedter*, 88 S.W.3d 733, 736 (Tex. App.—Corpus Christi 2002, pet. denied).

Chapter 14 of the Texas Civil Practice and Remedies Code controls most lawsuits brought by inmates who have filed an affidavit or unsworn declaration of inability to pay costs, as is the case here. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. Chapter 14 imposes several procedural requirements that an inmate must comply with to bring a lawsuit without paying filing fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to meet the procedural requirements will result in the dismissal of an inmate's suit. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet) (citing *Bell v. Tex. Dep't of Criminal Justice—Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is that the inmate must properly exhaust his administrative remedies by completing the internal TDCJ grievance process before filing a lawsuit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Leachman v. Dretke*, 261 S.W.3d 297, 308-10 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (describing the grievance process). Section 14.005, entitled "Grievance System Decision; Exhaustion of Administrative Remedies," provides as follows:

(a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by

Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a), (b). These requirements serve two purposes. First, an inmate's compliance with this measure will demonstrate that he has exhausted his administrative remedies, and second, the information provided by the inmate will enable the court to determine whether the inmate has filed his claim within the requisite time period. *See Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009); *Smith v. Tex. Dep't of Criminal Justice—Inst. Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied). An inmate's failure to comply with section 14.005 subjects his suit to dismissal. *See Smith*, 33 S.W.3d at 341.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

By his first issue, appellant contends that he filed three grievances pertaining to the same subject matter and that the date of the last filing should be used to calculate whether he timely exhausted his administrative remedies. Essentially, appellant argues that his lawsuit was timely filed and that he exhausted his administrative remedies because he received the denial of his third Step 2 grievance on April 30, 2010, and because he placed his petition in the mail on May 27, 2010, less than thirty-one days from receiving the final Step 2 denial. We disagree.

Here, appellant filed three different sets of Step 1 and Step 2 grievances. Appellant's initial grievances sought redress for the alleged damage to his typewriter and the alleged confiscation of his legal books. Appellant's second set of grievances addressed two witness affidavits that he sought to attach to the initial grievances so that the initial grievances could be reconsidered with the witness affidavits. In his third set of grievances, appellant sought the return of the witness affidavits and requested that the Office of the Inspector General conduct an investigation to determine whether a "civil conspiracy" had occurred. With regard to his three sets of grievances, appellant acknowledged that he received Step 2 denials for each of the three grievances on March 26, 2010; March 30, 2010; and April 30, 2010, respectively.

On appeal, appellant argues that all of his grievances stemmed from the same subject matter; thus, he had to exhaust all of his grievances before he could file his petition in this matter. This argument is not supported in the law.

Nothing in section 14.005 indicates that the filing of additional grievances serves to extend the deadline to file a petition in response to a decision from the grievance system. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *see also Allen v. Tex. Dep't of Criminal Justice—Inst. Div.*, 80 S.W.3d 681, 683 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ("This second grievance involved the same issues as his first grievance, which had previously been denied . . . . Filing this second grievance did not extend appellant's deadline to file his state court claim. . . . Nothing in the statute [section 14.005] indicates that appellant's pursuit of a federal remedy or his filing a second grievance would suffice to extend the deadline to file a state claim."). Moreover, appellant's insistence

that the doctrine of "equitable tolling" allowed him to wait to file suit until his final grievance was resolved is unfounded. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.014; *see also Doyle v. Lucy*, No. 14-03-00039-CV, 2004 Tex. App. LEXIS 2790, at *11 (Tex. App.—Houston [14th Dist.] Mar. 30, 2004, no pet.) (mem. op.) ("[T]he plain language of section 14.014, which provides that the provisions of Chapter 14 cannot be modified or repealed by a rule adopted by the Texas Supreme Court, indicates that the legislature intended to apply strict timetables to suits filed by inmates proceeding in forma pauperis.") (citing *Warner v. Glass*, 96 S.W.3d 640, 641 (Tex. App.—Texarkana 2003) (holding that Texas Rules of Civil Procedure 4 and 5 do not act to extend the thirty-one day requirement of section 14.005(b)), *reversed on other grounds*, 135 S.W.3d 681 (Tex. 2004) (per curiam)). Because he admits that his grievances all pertain to the same subject matter, appellant was required to file suit in state district court within thirty-one days after receiving his first Step 2 denial on March 26, 2010.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). However, appellant did not file suit until May 27, 2010, more than a month after he should have filed suit. *See id.* Because appellant failed to timely file his lawsuit within the timeframe outlined in section 14.005(b), the trial court was obligated to dismiss appellant's lawsuit. *See id.*; *see also Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) (holding that an appellate court may affirm the dismissal for failure to exhaust administrative remedies even if that ground was not the basis of the trial court's dismissal in an inmate suit subject to

---

[2] In his appellate brief, appellant repeatedly asserts that all of his grievances were "interrelated" and that his subsequent grievances "related back" to his original grievance.

chapter fourteen); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Where no fact hearing is held, we affirm a dismissal under Chapter 14 of the Civil Practice and Remedies Code upon any grounds presented in the motion [to dismiss]."). Accordingly, we overrule appellant's first issue.[3]

## IV. ASSESSMENT OF COURT COSTS AND FEES

In his second issue, appellant complains about the trial court's assessment of $232 in court costs and fees against him. Specifically, appellant argues that he should not have to pay those fees because he is indigent and that the payment of those fees by garnishment from his inmate account should not occur without his consent. Appellees counter that section 14.006 of the civil practice and remedies code authorizes the assessment of court costs and fees and that the collection of those fees is not contingent upon appellant's consent.[4]

---

[3] To the extent that appellant complains about the trial court's failure to conduct a hearing on his lawsuit prior to dismissal, we note that Texas courts have held that a hearing is not required when the inmate has failed to exhaust his administrative remedies or, in other words, when the inmate has failed to comply with section 14.005 of the civil practice and remedies code. *See, e.g., Addicks v. Rupert*, No. 12-09-00288-CV, 2011 Tex. App. LEXIS 3260, at *10 (Tex. App.—Tyler Apr. 29, 2011, no pet.) (mem. op.) (citing *McCray v. Scott*, No. 09-01-366-CV, 2002 Tex. App. LEXIS 3271, at *1 (Tex. App.—Beaumont May 9, 2002, no pet.) (per curiam) (mem. op., not designated for publication)).

[4] Appellees urge that this issue has already been addressed in a petition for writ of mandamus that appellant previously filed in this case pertaining to complaints about funds being withdrawn from his inmate account. *See In re Hutchinson*, No. 10-10-00364-CV, 2010 Tex. App. LEXIS 8484, at **1-2 (Tex. App.—Waco Oct. 20, 2010, orig. proceeding) (mem. op.). Our resolution of appellant's mandamus petition did not address whether appellant was required to pay the court costs and fees assessed in the trial court. *See id.* at **1-2. We specifically noted that, at the time appellant filed his mandamus petition, this matter was still pending in the trial court and that we were not authorized to review the trial court's interlocutory order assessing court costs and fees. *Id.* at **1-2. As a result, we declined to address appellant's complaints about the assessment of court costs and fees by the trial court. *Id.* at *2. Instead, we waived any "unpaid filing fees" associated with appellant's case at the appellate level and denied

Section 14.006(a) of the civil practice and remedies code provides that: "A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section and Section 14.007." TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(a) (Vernon 2002). In its order assessing court costs and fees, the trial court directed appellant to:

Pay an initial amount equal to the lesser of:

(1) 20% of the preceding six month's [sic] deposits in the Inmates' [sic] Trust Account; or

(2) The total amount of fees and costs.

In each month following in which the initial payment is made <u>Charles E. Hutchinson, TDCJ #595330</u> shall pay an amount equal to the lesser of:

(1) 10% of that month's deposit[s] to the Inmate Trust Account; or

(2) The total amount of fees that remain unpaid[.]

Payments are to continue until the total amount certified is paid, [or] <u>Charles E. Hutchinson, TDCJ #595330</u> is released from confinement.

On receipt of a copy of this Order, the department (Inmate Trust Account) shall withdraw money from the trust account of the inmate, hold same in a separate account, and shall forward said money to the Court clerk who submitted the Bill of Costs on the earlier of the following dates:

(1) The date the total amount to be forwarded equals the total amount which remains unpaid;

    **OR**

(2) The date the inmate is released.

(Emphasis in original).

---

appellant's mandamus petition. *Id.* Given our resolution of appellant's mandamus petition, we reject appellees' assertion that appellant's issue has previously been addressed by this Court.

The trial court's order mirrors sections 14.006(b) through (e) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(b)-(e). Moreover, we note that the filing of a lawsuit in forma pauperis does not preclude the trial court from imposing court costs and fees, nor does it absolve the inmate of having to pay such costs and fees. *See id.* § 14.006(a)-(b), (e); *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied); *see also Hamilton v. Thompson*, No. 12-07-00231-CV, 2008 Tex. App. LEXIS 4875, at \*\*7-8 (Tex. App.—Tyler June 30, 2008, pet. denied) (mem. op.) ("According to the clear language of the statute [section 14.006], the trial court was authorized to assess court costs against Hamilton even though his claim was not dismissed as frivolous or malicious."). Based on the foregoing, we cannot say that the trial court abused its discretion in assessing court costs and fees against appellant and ordering that the court costs and fees be collected from appellant's inmate account. *See Thomas v. Knight*, 52 S.W.3d 292, 296 (Tex. App.—Corpus Christi 2001, pet. denied). We overrule appellant's second issue.[5]

---

[5] As a sub-issue to issue two, appellant argues that this suit should not have been dismissed with prejudice due to a procedural defect. We have already concluded that the trial court did not abuse its discretion in dismissing appellant's suit for failing to timely file his suit in compliance with section 14.005; thus, in this sub-issue, we must determine whether the trial court was authorized to dismiss appellant's claims with prejudice. Ordinarily, the dismissal of a lawsuit with prejudice is improper if plaintiff's errors can be remedied through, among other things, amended pleadings. *See Nabelek v. Dist. Att'y of Harris County*, 290 S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). However, if the error resulting in the dismissal of an inmate's suit cannot be remedied, as is this case here, a dismissal with prejudice is proper. *See Nabelek*, 290 S.W.3d at 233 (citing *Hickman*, 35 S.W.3d at 124); *see also Mitchell v. Dretke*, No. 10-08-00173-CV, 2010 Tex. App. LEXIS 7606, at \*5 (Tex. App.—Waco Sept. 15, 2010, no pet.) (mem. op.) (concluding that an inmate's failure to timely file his suit and comply with section 14.005 of the civil practice and remedies code cannot be remedied; thus, "dismissal with prejudice was not error") (citing *Wolf v. Tex. Dep't of Criminal Justice—Inst. Div.*, 182 S.W.3d 449, 450-51 (Tex. App.—Texarkana 2006, pet. denied). Because appellant failed to timely file his lawsuit in compliance with section 14.005 and because this error cannot be remedied, we conclude that the trial court did not abuse its discretion in dismissing appellant's suit with prejudice. *See Nabelek*, 290 S.W.3d at 233; *Hickman*, 35 S.W.3d at 124; *Wolf*, 182

## V. CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 13, 2011
[CV06]

---

S.W.3d at 450-51; *see also Mitchell*, 2010 Tex. App. LEXIS 7606, at *5.  We, therefore, overrule appellant's sub-issue to issue two.