Court of Criminal Appeals                    January 12, 2015
C/o Hon. Clerk Abel Acosta
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

Re: Sheldon Whatley, Application for Habeas Corpus: WR-74,556-03; Applicant's
      Rebuttal to State's Response

Dear Honorable Clerk of the Court,

        Please find enclosed a copy of Applicant's Rebuttal to the State's Response. Applicant's assigned unit, Wm. G. McConnell Unit (TDCJ), was on "lockdown" as of December 1, 2014 thru December 22, 2014 and was denied unfettered access to the Courts and or the ability to access legal materials for the purpose of timely responding to the State's Response. Applicant received notice of the State's Response on December 15, 2014 while the applicant was lockeddown, (Unit ph. 361.362.2300 for verification). Applicant received the trial Court's findings of facts and conclusions of law, (which were adoptions of the State's proposed findings of facts and conclusions of law) on December 17, 2014. Applicant filed notice to the trial Court that he intended to respond and requested leave to obtain an extension of time to file such on December 17, 2014. There was no ruling on applicant's motion. At applicant's earliest available opportunity he filed a response with the trial Court on December 30, 2014. In an abundance of caution, applicant forwards a copy of his response, (see enclosure) for the Court's consideration of his merits regarding the issues presented. Should you have any questions or concerns in this matter please do not hesitate to contact the applicant at the address provided below. Thank you for your time and assistance in this matter. Please present the enclosure to the Court in your usual manner.

                                        Very Truly Yours,

                                        Sheldon Whatley, Pro Se
                                        TDCJ# 1465277 McConnell
                                        3001 S. Emily Dr.
                                        Beeville, Texas 78102-8583
                                        361.362.2300 (ph.)
                                        361.362.3011 (fax)

Cause No. 04CR2972-C

§

Ex Parte Sheldon R. Whatley,           In the 94th Judicial

     Petitioner Pro Se          §       District Court of

§       Nueces County, Texas

§

Petitioner's Rebuttal to State's General Denial and
Dismissal of his application for Habeas Corpus Relief
pursuant to T.C.C.P. Art. 11.07

Now comes petitioner Pro Se, Sheldon R. Whatley and respectfully moves this Honorable Court to accept this his rebuttal to the State's general denial and request for dismissal and in favor of granting the relief requested would show the following:

I.

The Texas Constitution, in Article I section 12 clearly and plainly states, "The right of Habeas Corpus shall never be suspended." Here the State asks this Honorable Court to infringe upon that right with its general denial and request for dismissal. The State's allegation that petitioner (Whatley) has not met either exception of T.C.C.P. Art. 11.07 §4 is on its face untrue. According to Id. sec. 4 Whatley under (2), has alleged U.S. Constitutional violations, cites the record before the court, and argues that the premise if true, would not permit a rational juror to have found the applicant guilty beyond a reasonable doubt.

Whatley would further argue that any "one bite of the apple" claim by the State is not only unconstitutional but crosses the line to manifestly unjust considering the unambiguous language utilized by the constitutional drafters. Statutory construction of Article I §12 of the Texas Constitution would render any pursuant statute void should it proscribe a constitutional provision. Here the Court must give meaning and effect to "never" in its context regarding Habeas Corpus.

The State in its denial cites Ex Parte Torres 943 S.W.2d 469 (Tex. Crim. App. 1997), however, fails to also cite that the Court also stated, "but,

1.

regardless of the label given to a previous disposition, we will look to the substance of that disposition to determine whether a subsequent writ is barred by §4." Whatley contends that whether or not the Court relies upon the dispostion or not, he raises constitutional violations as required by §4(2), and he has a constitutional protection that permits him to seek Habeas Corpus relief that shall never be suspended.

II.

The State alleges that Whatley's "new" claims are of somehow furtive in nature. Whatley would argue that errors in the judicial process that are constitutional undermine the process and protections to which he is entitled. Such violations render a judgment arrived at void, which may be attacked at any time. One would like to have faith in the State's solicitous nature in that they would hate to incarcerate a citizen under less than proper means. One of Whatley's claims here is ineffective assistance of counsel. Given the current suspicion of the judicial system, surely the State would wish to steer clear of any mobsteresque tactics that bring further attention considering the myriad of cases where the State or its agents have impressed mandatory "behaviors" on citizens.

Given the petitioner raises claims of a constitutional magnitude challenging not only his conviction but due process inwhich it was obtained, it would be the means of least resistance, and far more harmonious to designate the issues and allow the Court to adjudicate the claims. Here, the State seems to have some concern with the decision in Lafler 132 S.Ct. 1376 (2012). Proper method for resolution of an issue should be by an objective/impartial judicial authority having jurisdiction not a subjective party. In the State's general denial Mr. Odell of the Nueces Co. D.A.'s office takes some liberty in claiming Whatley has failed to satisfy his burden statutorily. Whatley has in fact shown the facts which exist in the record, shown how the facts denied him constitutional protections, and cited relevant case law in support thereof.

2.

To one not trained in the art of legal manuvering, Whatley's dilligence and tact are more akin to following the letter of the law, rather than attempting to abuse a process that <u>shall</u> <u>never</u> <u>be</u> <u>suspended</u>.

## III.

Lastly the State somehow interprets that Whatley should some how be required to make some actual innocence claim. That is simply not the issue, nor is that voiced in the law. Nowhere in T.C.C.CP. Art. 11.07 §4(a)(1)(2) is there any mention of "prima facie claim of actual innocence" as the State, again, is attempting to put its own spin on the law. Whatley believes what the State confuses with an "actual innocence" claim is the phrase, "no rational juror could have found the applicant guilly beyond a reasonable doubt." Beyond Reasonable Doubt (BRD) is the standard of proof eo which the State must meet or exceed to obtain a conviction in the United States and/or Texas. However, when some constitutional violation transpires in an accused's trial it userps the process and arrives at or approaches a condition that would undoubtedly undermine confidence in the verdict. A constitutional violation is one that should be reviewed De Novo. Here the competency of trial counsel and appellate counsel is challenged, a due process claim, a constitutional claim. In Kyle 115 S.Ct. 1555 (1995) the Court stated, "because our duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case." Recently decisions have been delivered that realize there is little or no difference between prisoners receiving death sentences and life sentences (over 60 years), punishment received in conflict with due process is cognizable in Habeas Corpus. Here the conduct of Whatley's counsel is material to whether or not due process was properly applied in his case, and an evidentiary hearing would properly expand the record for the Court to arrive at a duly considered and unprejudiced decision. Whereby the issues in this cause could be properly

3.

designated for the higher Court's review. There is no requirement for a claim of actual innocence in 11.07 §4. As the Court of Criminal Appeals stated in Rivera 89 S.W.3d 55, 58 (Tex. Crim. App. 2002), "in interpreting a statute, we are limited to its plain meaning unless the language is ambiguous or its plain meaning leads to absurd results that the legislature could not possibly have intended." see also Boykin 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). This is the proper light in which to view Whatley's appliation for Habeas Corpus, because just as the State framers intended the right of Habeas Corpus shall never be suspended.

## Prayer

Wherefore the premises having been duly considered, the petitioner pro se, Sheldon Whatley, respectfully requests and prays this Honorable Court grant relief in sum or in part: 1) a hearing to expand the record regarding ineffectiveness of counsel claims; 2) designate the issues for consideration in the Habeas Court; and 3) reccommend petitioner's claims be heard by the Habeas Court. Petitioner further would respectfully pray for any general relief to which he is entitled under State or federal law.

Respectfully Submitted,

Sheldon R. Whatley, Pro Se
TDCJ# 1465277 McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102-8585
361.362.2300 (ph.)
361.362.3011 (fax)

4.

## Declaration

I, Sheldon R. Whatley, does now attest that the foregoing documents and information are true and correct and are thusly sworn to under penalty of perjury to their validity. (T.C.P. & R. §132.001-132.003 and 28 U.S.C. §1746).

Sheldon R. Whatley, Pro Se

## Certificate of Service

This is to certify that a true and correct copy of the foregoing and included documents have been properly served upon the parties listed below at their respective addresses, as well as delivered to this court. The documents were placed in the McConnell Unit mailbox with first class, pre-paid postage affixed, addressed to the 94th District Court of Nueces Co., Texas c/o the Clerk of the Court P. Perez, District Courts, P.O. Box 2987, Corpus Christi, Texas 78403.

Executed on this the 30th day of December, 2014.
(T.R.A.P. Rule 9.5, F.R.A.P. Rule 25(d)).

Sheldon R. Whatley, Pro Se

also served:

DISTRICT ATTORNEY'S OFFICE
NUECES COUNTY COURT HOUSE
901 LEOPARD ST., Room 206
CORPUS CHRISTI TEXAS 78401-3693

Mailbox rule, deemed filed-(Warner v. Glass 135 S.W.3d 681, 682 (Tex. 04')

5.