**Charles Clay WARNER, Jr., Petitioner,**

v.

**Zelda G. GLASS, Respondent.**

No. 03–0214.

Supreme Court of Texas.

May 7, 2004.

Charles Clay Warner, Jr., Iowa Park, pro se.

Greg Abbott, Attorney General, John A. Neal, Chief, Prosecutor Assistance Division, Jay T. Kimbrough, Phillip E. Marrus, Barry Ross McBee, Harold Joseph Liller, Edward D. Burbach, and David A. Talbot Jr., Office of Attorney General, Austin, for respondent.

PER CURIAM.

The question in this case is whether a pro se inmate's civil petition is deemed filed when it is turned over to prison authorities for mailing or when it is actually received by the court clerk. Consistent with the Inmate Litigation Act [1] and Rule 5 of the Texas Rules of Civil Procedure, we hold that a pro se inmate's petition that is placed in a properly addressed and stamped envelope or wrapper is deemed filed at the moment prison authorities receive the document for mailing. Accordingly, we reverse the judgment of the court of appeals upholding the trial court's dismissal of the petitioner's claim and remand the case to the trial court for further proceedings.

---

1. TEX. CIV. PRAC. & REM.CODE §§ 14.001– .014.

Charles Clay Warner, an inmate in the Texas Department of Criminal Justice, Institutional Division, proceeding pro se and in forma pauperis, filed suit against prison officials, including Zelda Glass,[2] for failure to grant him reasonable protection from a prison gang. Warner requested protection from the Unit Classification Committee (UCC), which Glass heads, after receiving warnings that his cell mates were members of a prison gang that put a contract out on his life. The prison's Gang Intelligence Division investigated the assertions, but the UCC later denied Warner's request for protection and returned him to the general prison population. Shortly thereafter, one of Warner's former cell mates and another inmate assaulted him. His nose was broken, and he was stabbed ten times. After treatment at the hospital, Warner returned to his former unit and was then transferred to a different state prison.

Warner filed a first-step grievance, requesting to be placed in protective custody, claiming he was still receiving threats and that one of his new cell mates was a member of the prison gang who had threatened his life. Prison authorities denied his grievance request. Warner filed a second-step grievance, again requesting that he be placed in protective custody, claiming he was still in fear for his life. Prison authorities denied Warner's second-step grievance request on June 6, 2001, stating that his complaint had been addressed in the first-step grievance. The parties agree that the second-step grievance decision exhausted Warner's administrative claims, as required by the Inmate Litigation Act. TEX. CIV. PRAC. & REM. CODE § 14.005(a).

Warner alleges that he deposited his petition in the prison mail system thirty days later on July 6, 2001. The date of the actual postmark on the petition is not reflected in the record, but the petition was received and filed in the district court clerk's office on July 13, 2001, thirty-seven days after Warner received his grievance denial.

The Inmate Litigation Act applies to civil suits brought by inmates who file suit in forma pauperis. *See id.* § 14.002(a) (stating that Chapter 14 "applies only to a suit brought by an inmate ... in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate"). Section 14.005(b) of the Act requires a court to "dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *Id.* § 14.005(b). Pursuant to this provision, the trial court dismissed Warner's claim for failure to comply with the requirements of the Act. The court of appeals affirmed, stating that "the plain language of the statute indicates that the Legislature intended to apply strict timetables to suits filed by inmates proceeding *in forma pauperis.*" 96 S.W.3d 640, 641. The court held that because Warner's petition was not filed timely in the clerk's office in compliance with section 14.005(b), the trial court did not abuse its discretion in dismissing Warner's suit. *Id.* at 641–42. Warner petitioned this Court for review.

The primary objective in construing any statute is to determine and give effect to the Legislature's intent. *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003) (quotations and citations omitted); *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). We begin with the plain and common meaning of the statute's words, and if the language is unambiguous, we interpret the statute according to its plain meaning. *McIntyre,* 109 S.W.3d at 745 (quotations and citations

---

**2.** Based on the recommendation in the Special Master's Report, the trial court dismissed Warner's claim against the other prison officials.

omitted). However, "we will not give an undefined statutory term a meaning that is out of harmony or inconsistent with other provisions of the statute." *Id.* (citing *Needham,* 82 S.W.3d at 318). To ascertain the Legislature's intent we may consider other matters, such as the objective of the law, legislative history, and consequences of a particular construction. TEX. GOV'T CODE § 311.023(1), (3), (5); *McIntyre,* 109 S.W.3d at 745.

■ The Inmate Litigation Act contains a provision describing the filing deadline for an inmate proceeding pro se, but it is silent on when a petition is deemed filed. TEX. CIV. PRAC. & REM.CODE § 14.005(b). In this case, we must interpret what constitutes "filing" of a claim by an incarcerated pro se litigant under Chapter 14. Generally, "an instrument is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing." *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex.1979); *see also Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,* 787 S.W.2d 371, 372 (Tex.1990) (motion for new trial deemed filed even though petition was not file-stamped until after the deadline due to delay caused by courthouse employee); *Biffle v. Morton Rubber Indus., Inc.,* 785 S.W.2d 143, 144 (Tex.1990) (cost bond considered timely filed when delivered to the clerk before the deadline although the clerk inadvertently failed to file stamp it until after the deadline). Once a party has satisfied his duty to put a legal instrument in the custody and the control of the court clerk, he should not be penalized for errors made by the court clerk. *See Biffle,* 785 S.W.2d at 144.

Rule 5 of the Texas Rules of Civil Procedure specifies that "[i]f any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." "[R]ule 5 does not extend the substantive limitations period.... Rather, it defines what constitutes 'bringing suit' within the meaning of [the statute]." *Danesh v. Houston Health Clubs, Inc.,* 859 S.W.2d 535, 537 (Tex.App.-Houston [1st Dist.] 1993, writ ref'd); *see also Milam v. Miller,* 891 S.W.2d 1, 2 (Tex.App.-Amarillo 1994, writ ref'd) (Rule 5 does not enlarge filing time, but it defines what constitutes a proper and timely filed pleading.).

■ However, neither the general rule protecting litigants from clerical errors in the courthouse nor Rule 5's mailbox rule addresses the position of the party who, because he is incarcerated and proceeding pro se, does not have direct access to either the clerk's office or a United States mailbox for first-class mail. Just as we have declined to punish parties for failing to obtain a file stamp when they have timely placed the document in the constructive control of a court clerk, we decline to penalize a pro se litigant for failing to obtain a postmark or a file-stamp when the litigant has timely placed the document in the prison mail system, the only delivery system to which he or she has access. Therefore, a pro se inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed.[3]

---

**3.** To the extent courts of appeals have applied a contrary rule, we disapprove of those opinions. *See, e.g., Scott v. Johnson,* No. 04–03–00288–CV, 2003 WL 22298724 (Tex.App.-San

Antonio Oct. 8, 2003, pet. denied) (memorandum opinion); *Clark v. Hudspeth,* No. 01–00–00261–CV, 2001 WL 1243493 (Tex.App.-

The court of appeals and Glass both point out that provisions of the Inmate Litigation Act "may not be modified or repealed by a rule adopted by the supreme court." TEX. CIV. PRAC. & REM.CODE § 14.014. Our holding in this case is neither a modification nor a repeal of any provision in Chapter 14. Section 14.005 is silent on when a claim is deemed to be filed. In this case, we interpret what constitutes "filing" of a claim under Chapter 14 by an incarcerated pro se litigant. This interpretation does not modify Chapter 14 requirements for filing a claim; neither does it frustrate the purpose and function of the statute.

The Legislature intended for Chapter 14 to reduce frivolous inmate litigation. HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1343, 74th Leg., R.S. 38 (1995). Supporters of the bill also intended to "protect[ ] the right of inmates to have legitimate grievances fairly reviewed." *Id.* By adopting an interpretation that deems a pro se inmate's claim filed under the Inmate Litigation Act when the inmate places the document in a properly addressed and stamped envelope or wrapper in the hands of prison authorities, we are merely providing for inmates' access to the courts given their unique circumstances. Section 14.003 continues to give courts discretion to dismiss a "frivolous or malicious" claim based on factors such as the claim's "realistic chance of ultimate success" or the claim having "no arguable basis in law or in fact." TEX. CIV. PRAC. & REM.CODE § 14.003(a)-(b).

We have recognized the "unique problem that arises when one party is forced to rely on his opposing party to ensure pleadings are timely filed." *Gomez v. Tex. Dep't Of Criminal Justice*, 896 S.W.2d 176, 176 n. 1 (Tex.1995) (deciding on other grounds that an inmate's appeal was timely perfected). The United States Supreme Court reached a similar conclusion when it considered the application of Rule 4 of the Federal Rules of Appellate Procedure,[4] prior to its amendment, to pro se litigants. *See Houston v. Lack*, 487 U.S. 266, 268, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The Court observed that "prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline." *Id.* at 270–71, 108 S.Ct. 2379.

Specifically, the Court considered whether Rule 4(a)(1) should govern the timeliness of a pro se inmate's notice of appeal and whether it should be considered filed when the inmate hands it over to the prison authorities to be mailed, or at some later time. *Id.* at 273, 108 S.Ct. 2379. The Court was persuaded that the general rule—a notice of appeal is filed when received by the court clerk and not when placed in the mail addressed to clerk—should not apply to the unique situation of pro se inmates. *Id.* at 274, 108 S.Ct. 2379. The Court noted that while the "general rule has been justified on the ground that a civil litigant who *chooses* to mail a notice of appeal assumes the risk of untimely delivery and filing, ... a *pro se* prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk." *Id.* at 275, 108 S.Ct. 2379 (internal citations omitted). Because a pro se inmate must rely on prison authorities, the Court held that the

---

Houston [1st Dist.] October 18, 2001, no pet.) (not designated for publication).

**4.** The rule provides that "[i]n a civil case, ... the notice of appeal ... must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FED. R.APP. P. 4(a)(1)(A).

notice of appeal was deemed filed when the inmate handed it over to the prison authorities for forwarding to the court clerk. *Id.* at 276, 108 S.Ct. 2379. In 1993, Federal Rule of Appellate Procedure 4 was amended to reflect the Supreme Court's holding in *Houston:* "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." FED. R.APP. P. 4(c)(1).

Federal circuit courts have extended *Houston* to cases of pro se inmates filing civil complaints with federal district courts. *See Casanova v. Dubois,* 304 F.3d 75, 79 (1st Cir.2002) (holding that the rule from *Houston* governs the determination of when a prisoner's civil filing under 42 U.S.C.1983 is complete); *Richard v. Ray,* 290 F.3d 810, 813 (6th Cir.2002) (finding that all the reasons for applying the rule from *Houston* were present in the case of a pro se inmate filing a civil complaint); *Cooper v. Brookshire,* 70 F.3d 377, 379–80 (5th Cir.1995) (holding that the language of the federal rule governing filings of complaints is "so similar" to the language of the federal rule at issue in *Houston*—the filing of notices of appeal—that it warrants an "identical interpretation"); *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir.1993) (finding no reason why the rationale applied in *Houston* should not be applied in a civil action commenced by a pro se inmate under 42 U.S.C. § 1983); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir.1993) (extending *Houston* to the filings of pro se prisoners' complaints under 42 U.S.C. § 1983 and claims under the Federal Tort Claims Act); *Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 735 (4th Cir.1991) (noting that the concerns raised in *Houston* applied equally to a civil complaint filed by a pro se litigant).

Because we have announced a new rule in this case that will require a finding of the date Warner deposited his petition in the prison mail system, we reverse and remand this case to the trial court for further proceedings consistent with this opinion.