

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-13-00316-CV

**BEXAR COUNTY TEXAS**,
Appellant

v.

**DEPUTY SHERIFF'S ASSOCIATION OF BEXAR COUNTY**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-14030
Honorable Martha B. Tanner, Judge Presiding

Dissenting Opinion by: Marialyn Barnard, Justice

Sitting:      Catherine Stone, Chief Justice
              Marialyn Barnard, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  March 19, 2014

In our original opinion, we held the trial court did not err in granting a declaratory judgment in favor of appellee Deputy Sheriff's Association of Bexar County ("the Association"). In that judgment, the trial court determined appellant Bexar County Texas was statutorily authorized to deduct payments that were designated as political action committee contributions from the paychecks of Association members. After our opinion issued, Bexar County filed a motion for rehearing. The majority has voted to deny the motion for rehearing. I respectfully dissent from the decision to deny the motion for rehearing because I do not believe a voluntary individual contribution to a political action committee (PAC) is equivalent to the "payment of membership

dues in a labor union or a bona fide employees association." TEX. LOC. GOV'T CODE ANN.
§ 155.001(a)(2) (West 2008).

Section 155.001(a) permits a county to deduct certain money from a county employee's
wages or salary. However, a county's authority is limited to deductions for specific purposes:

> (a) The commissioners court, on the request of a county employee, may authorize
> a payroll deduction to be made from the employee's wages or salary for:
>
> > (1) payment to a credit union;
> >
> > (2) payment of membership dues in a labor union or a bona fide employees
> > association;
> >
> > (3) payment of fees for parking in a county-owned facility;
> >
> > (4) payment to a charitable organization; or
> >
> > (5) payment relating to an item not listed in this subsection if the
> > commissioners court determines that the payment serves a public purpose.

*Id.* § 155.001(a).

The question in this appeal is whether payment of membership dues to a labor union is
equivalent to donations to a political action committee. This determination requires us to construe
the statute.

The primary objective in construing any statute is to give effect to legislative intent.
*Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004). "[T]he truest manifestation of what legislators
intended is what lawmakers enacted, the literal text they voted on." *Alex Sheshunoff Mgmt. Servs.,
L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006). Thus, we must begin with the plain and
common meaning of the statute's words. *Warner*, 135 S.W.3d at 683; TEX. GOV'T CODE ANN.
§ 311.011(a) (West 2005). "If the meaning of the statutory language is unambiguous, we adopt
. . . the interpretation supported by the plain meaning of the provision's words and terms."

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *see Johnson*, 209 S.W.3d at 651-52.

Here, the statute unambiguously states a county "may authorize a payroll deduction to be made from the employee's wages or salary for . . . payment of membership dues in a labor union." TEX. LOC. GOV'T CODE ANN. § 155.001(a)(2). Clearly, under the plain words of that statute counties may only authorize deductions for labor union dues. The statute does not contemplate deductions for contributions to political action committees, and obviously labor unions and political action committees are not the same. That the county transfers both the membership dues and the PAC contribution to the labor union is irrelevant — the statute speaks not in terms of disbursement, but what the county may authorize initially. The statute does not contemplate where the money may ultimately end up or how it is disbursed.

Accordingly, until the legislature enacts a statute or amends section 155.001 to permit a county to authorize a payroll deduction from an employee's wages for a political action committee contribution, or the commissioners' court determines that payments to political action committees serve a public purpose, such contributions are not permitted. I believe this court should revisit its opinion that interprets the term "membership dues" to also include not only labor union membership dues, but an individual employee's voluntary contributions to the Deputy Sheriff's Association of Bexar County's Political Action Committee.

The legislature has clearly limited the scope under which a county may authorize a payroll deduction to be made from an employee's wages. *See* TEX. LOC. GOV'T CODE ANN. § 155.001(a). And, it is not for the courts to expand the plain meaning of the language "payment of membership

dues" to include payments to political action committees.  *Id.*  Therefore, I dissent to the denial of Bexar County's motion for rehearing.


Marialyn Barnard, Justice