ACCEPTED
06-14-00064-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/27/2015 3:24:45 PM
DEBBIE AUTREY
CLERK

# NO. 06-14-00064-CV

## IN THE COURT OF APPEALS FOR THE

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/27/2015 3:24:45 PM
DEBBIE AUTREY
Clerk

## SIXTH DISTRICT OF TEXAS

## AT TEXARKANA

JOYCE STEEL ERECTION, LTD.                                    APPELLANT

VS.

GORDON RAY BONNER                                            APPELLEE

---

Appeal from the District Court of Bowie County, Texas
202nd Judicial District,
Honorable Leon Pesek, Jr. Presiding

---

## BRIEF OF APPELLEE

John R. Mercy
Texas State Bar No. 13947200
MERCY ✠ CARTER ✠ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503
Telephone: (903) 794-9419
Facsimile: (903) 794-1268
E-mail: jmercy@texarkanalawyers.com

Kelly Clements
Texas State Bar No. 17098500
Robert Clements
Texas State Bar No. 00789785
CLEMENTS & CLEMENTS
731 N. Paulus
Dallas, TX 75214
Phone: (214) 827-1122
Fax:    (214) 827-1126
Email:  kelly@clementslaw.com
Email:  robert@clementslaw.com

ATTORNEYS FOR APPELLEE

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellee lists below the names and addresses of all parties to the trial court's final judgment together with their counsel in the trial court. This list is provided so that the justices of this Court may evaluate possible disqualification and recusal, and so that the Clerk of the Court of Appeals may notify all parties of this Court's final judgment.

Joyce Steel Erection, Ltd.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appellant

J. Jeffery Richardson
NORTON ROSE FULBRIGHT
2200 Ross Avenue, Suite 3600
Dallas, TX 75201.. . . . . . . . . . . . . . . . . . . . . . . Appellate Counsel for Appellant

Rosemarie Kanusky
NORTON ROSE FULBRIGHT US LLP
300 Convent, Suite 2100
San Antonio, TX 75205.. . . . . . . . . . . . . . . . . . Appellate Counsel for Appellant

Paul. A. Bezney
J. Kevin Kindred
ADKERSON, HAUDER & BEZNEY, P.C.
1700 Pacific Avenue, Suite 4450
Dallas, TX 75201-3005.. . . . . . . . . . . . . . . . . . . . . Trial Counsel for Appellant

Gordon Ray Bonner.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appellee

Kelly Clements
Robert Clements
CLEMENTS & CLEMENTS
731 N. Paulus
Dallas, TX 75214.. . . . . . . . . . . . . . . . . Trial and Appellate Counsel for Appellee

John R. Mercy
MERCY ✶ CARTER ✶ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503. . . . . . . . . . . . . . Trial and Appellate Counsel for Appellee

# TABLE OF CONTENTS

          **Page**

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Response to Issues Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    Responsive Issue No. 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        Statutory Scheme for Calculating Damages. . . . . . . . . . . . . . . . . . . . 9

        Appellant's Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        Proper Calculation of Damages.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    Responsive Issue No. 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        Prejudgment Interest with a Liable Defendant
        that is Not Jointly and Severally Liable. . . . . . . . . . . . . . . . . . . . . . 17

        Joyce Crane's Liability for Prejudgment Interest. . . . . . . . . . . . . . . . 18

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# INDEX OF AUTHORITIES

**Cases**:                                                              **Page**

Battaglia v. Alexander,
177 S.W.3d 893 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Brainard v. Trinity Universal Ins. Co.,
216 S.W.3d 809 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Cordillera Ranch Ltd. v. Kendall County Appraisal District,
136 S.W.3d 249 (Tex. App. – San Antonio 2004, no pet.). . . . . . . . . . . . . . . . 10

Fitzgerald v. Advanced Spine Fixation System, Inc.,
996 S.W.2d 864 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Lippincott v. Whisenhunt, _
_S.W.3d_, Tex. Sup. Ct. 13-0926, April 24, 2015. . . . . . . . . . . . . . . . . . . . . . . . 8

Martin K. Eby Const. Co. v. Lan/Stv,
350 S.W.3d 675 (Tex. App. – Dallas 2011, rev'd on other grounds). . . . . . . . . . 11

MCI Sales and Service, Inc. v. Hinton,
329 S.W.3d 475 (Tex. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pilgrim's Pride Corporation v. Cernat,
205 S.W.3d 110 (Tex. App. – Texarkana 2006, pet. denied). . . . . . . . . . . . . 11, 12

Roberts v. Williamson,
111 S.W.3d 113 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Stewart Title Guar. Co. v. Sterling,
822 S.W.2d 1 (Tex. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Texas West Oaks Hosp. v. Williams,
371 S.W.3d 171 (Tex. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Valley Grande Manor v. Pasedes,
2013 WL 3517806 (Tex. App. – Corpus Christi - 2013, pet. denied). . . . . . . . . . 13

Warner v. Glass,
135 S.W.3d 681 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes**:

Tex. Civ. Prac. & Rem. Code:

§33.003. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
§33.003(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
§33.012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 12, 13 *Passim*
§33.012(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15
§33.012(b) .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16
§33.013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15, 16
§33.013(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14
§33.013(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. Finance Code §304.105.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

Tex. Gov't Code  Anno. §311.011(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# NO. 06-14-00064-CV

## IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS
## AT TEXARKANA

JOYCE STEEL ERECTION, LTD.                                    APPELLANT

VS.

GORDON RAY BONNER                                             APPELLEE

## BRIEF OF APPELLEE

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellee, GORDON RAY BONNER, and files this his brief

in response to Appellant's brief, and would show unto the Court the following.

### Statement of the Case

| | |
|---|---|
| Nature of the Case | Gordon Bonner suffered catastrophic injuries when a crane operator, with no prior tilt wall experience, crushed him between a 150,000 pound tilt wall and a concrete wall. |
| Trial Court Information | 102nd Judicial District Court, Bowie county, Texas, Honorable Leon F. Pesek, Jr. |
| Course of Proceedings | The case was tried to a jury which found Joyce Steel Erection, Ltd. 34% responsible, Bonner 33% responsible, and Bonner's employer (a responsible third party) 33% responsible . (7 CR 3879).  The jury awarded $7,000,000.00 in damages. (7 CR 3880-3881).  Joyce Crane had |

1

stipulated to an additional $358,205.52 in medical expenses and $147,663.29 in lost wages. (7 CR 3904).

Trial Court's Disposition    The trial court entered a judgment against Joyce Crane after properly calculating percentages and credits under Chapter 33 of the Texas Civil Practice & Remedies Code in the amount of $2,345,480.69. (7 CR 4042).[1]

---

[1] Appellant, Joyce Steel Erection, Ltd., will be referred to as "Joyce Crane", and Appellee, Gordon Ray Bonner, will be referred to as "Bonner." The Clerk's Record will be cited as (_ CR p. __) and the Reporter's Record will be cited as (__ RR p. __). Plaintiff's exhibits will be cited as (P. Ex. __).

## STATEMENT REGARDING ORAL ARGUMENT

The Court should grant oral argument for the following reasons:

a) Oral argument would give the Court a more complete understanding of the facts presented in this appeal. Tex. R. App. P. 39.1(c).

b) Oral argument would significantly aid the Court in deciding the case. Tex. R. App. P. 39.1(d).

## RESPONSE TO ISSUES PRESENTED

### Responsive Issue No. 1

**The trial court properly followed the statutory scheme for calculating a judgment under Chapter 33 of the Texas Civil Practice & Remedies Code.  In doing so, the court properly used only the jury's verdict, the Plaintiff's percentage of responsibility, and the settlement credits.**

### Responsive Issue No. 2

**The declining principal formula only applies when the liable defendant is jointly and severally liable.  Joyce Crane was not jointly and severally liable; therefore, the court properly calculated prejudgment interest.**

On June 23, 2009 Gordon Ray Bonner's life was changed forever. Bonner was an iron worker employed by Premier Contractors. (5 RR p. 3275). He was assigned to a job at the Red River Army Depot. (5 RR p. 3275; 9 RR p. 25-28). Premier Contractors also hired Joyce Crane to lift 150,000-pound concrete tilt wall panels on the Red River Army Depot job. (4 RR p. 19). On June 23, 2009 Joyce Crane sent a crane operator and a flagger, both of whom who had no prior tilt wall experience, to perform the tilt wall lifts.(4 RR p. 180-181; 5 RR p. 93; 8 RR p. 11). Bonner was responsible for holding a brace attached to the tilt wall while the Joyce Crane operator lifted and swung the tilt wall into place. (9 RR p. 32-34). The Joyce Crane operator and flagger lost control of the tilt wall during the lift causing Bonner to be crushed between the 150,000-pound tilt wall and a nearby concrete wall. (9 RR p.35-39).

The tilt wall crushed Bonner's pelvis, arteries, genitals, bladder, urethra, and right leg. (7 RR p. 100-103). Ultimately, Bonner endured forty surgeries, including a prosthetic penile implant, reconstructive surgery of his right leg, arteries and urethra, and fixation of his pelvis. (P. Ex. 150). Additionally, at the time of trial Bonner's doctors were recommending that his right leg be amputated. (9 RR p. 113-117).

The case was tried to a Bowie County jury which apportioned responsibility for Bonner's injuries among the parties. (7 RR p. 3878-3879). The jury found Joyce

Crane 34% responsible, Bonner 33% responsible, Premier (Bonner's employer who had been named as a responsible third party by Joyce Crane) 33% responsible, and two settling parties, Self Concrete and Carothers Construction each 0% responsible. (7 CR 3877-3879). The jury awarded Bonner $7,000,000.00 in damages. (7 CR 3880-3881). Additionally, Joyce Crane had stipulated that Bonner's past medical expenses were $358,205.52, and his past lost wages were $147,633.29. (7 CR 3904). The court ultimately entered judgment after applying the legislative scheme under Chapter 33 of the Texas Civil Practice & Remedies Code for Bonner in the amount of $2,345,480.69. (7 CR p. 4042).

## SUMMARY OF THE ARGUMENT

The trial court followed the legislatively mandated scheme to formulate the correct judgment. The method of calculating the judgment proffered by Joyce Crane is not supported by any case law or statutory authority. Proper calculation of the judgment is governed by §33.012 Tex. Civ. Prac. & Rem. Code. The amount of recovery is reduced only by Bonner's percentage of responsibility (33%) and the amount of the settlement credits. Nothing else! The trial court was correct.

Joyce Crane was not jointly and severally liable. Therefore the trial court correctly calculated prejudgment interest under the Finance Code.

The judgment should be affirmed.

**Responsive Issue No. 1**

**The trial court properly followed the statutory scheme for calculating a judgment under Chapter 33 of the Texas Civil Practice & Remedies Code.  In doing so, the court properly used the jury's verdict, the Plaintiff's percentage of responsibility, and the settlement credits.**

"I don't know what you mean by 'glory,' " Alice said.
Humpty Dumpty smiled contemptuously.  "Of course you don't – till I tell you.
I meant 'there's a nice knock-down argument for you!' "
"But 'glory' doesn't mean 'a nice knock-down argument,' " Alice objected.
"When *I* use a word," Humpty Dumpty said, in a rather scornful tone, "it means just what I choose it to mean – neither more nor less."
"The question is," said Alice, whether you *can* make words mean so many different things."
"The question is," said Humpty Dumpty, "which is to be master – that's all."
Alice was too much puzzled to say anything; . . .

*Through the Looking Glass*, Lewis Carroll.

Much like Humpty Dumpty, Appellant fabricates an argument to attempt to achieve the desired result, a take-nothing judgment.  The argument is not based upon any statutory or case law.  A proper application of statutory law clearly shows the trial court correctly entered judgment.

**Standard of Review**

This Court is to review the trial court's interpretation of  §33.012 Tex. Civ. Prac. & Rem. Code under a de novo standard. Lippincott v. Whisenhunt, _ S.W.3d_, Tex. Sup. Ct. 13-0926, April 24, 2015;  MCI Sales and Service, Inc. v. Hinton, 329

S.W.3d 475, 499 (Tex. 2010). When interpreting statutory provisions this Court is to attempt to find and apply the intent of the legislature. Texas West Oaks Hosp. v. Williams, 371 S.W.3d 171, 177 (Tex. 2012). Warner v. Glass, 135 S.W.3d 681, 983 (Tex. 2004). If the language of the statute is unambiguous the court is to give it the interpretations supported by the plain meaning of the provision's words and terms. Fitzgerald v. Advanced Spine Fixation System, Inc., 996 S.W.2d 864, 865 (Tex. 1999). This Court should construe terms consistent with the plain and common meaning of the statute's words. Tex. Gov't Code Anno. §311.011(a) (words and phrases shall be read in context and construed according to the rules of grammar and common usage). This Court should read every word, phrase and expression as if it was deliberately chosen, and that words that are excluded from the statute are done so purposefully. Cordillera Ranch Ltd. v. Kendall County Appraisal District, 136 S.W.3d 249, 254 (Tex. App. – San Antonio 2004, no pet.).

**Statutory Scheme for Calculating Damages**

Chapter 33 of the Civil Practice and Remedies Code sets out the legislative scheme for determining proportionate responsibility. The damages to be recovered depend on the amount of damages found by the jury, the application of credits for claimant's percentage of responsibility, settlement credits, and the liable defendant's percentage of responsibility. The steps to determine a plaintiff's recovery are mandatory.

9

First, the jury must assess percentages of responsibility to the claimants, defendants, settling persons, and responsible third parties. §33.003 Tex. Civ. Prac. & Rem. Code. This assessment is with respect to "each person's causing or contributing to cause in any way the harm 'for which recovery for damages is sought.'" 33.003(a) Tex. Civ. Prac. & Rem. Code. The effect of §33.003(a) is to allow a liable defendant to reduce his percentage of responsibility by shifting blame to other parties.

Second, the calculation of damages to be recovered by the claimant starts with the amount of damages found by the jury. The jury is asked to determine what sum of money if paid now in cash would fairly and reasonably compensate the claimant (Bonner) for his injuries. (7 CR 3880). The jury is told not to make any reductions to the recovery, but that the trial court will determine what the recovery would be by applying the law. (7 CR 3880). The jury's determination of the amount of damages gives the trial court its starting point for all subsequent damage calculations and reductions.

Third, from that starting point the legislature requires that the amount of damages be reduced by the percentage equal to the claimant's percentage of responsibility. §33.012(a) Tex. Civ. Prac. & Rem. Code. The legislature also mandates that the amount be further reduced by the dollar amounts of all settlements.

10

§33.012(b) Tex. Civ. Prac. & Rem. Code. This two- step reduction produces the amount of recovery that the plaintiff is entitled to.

Fourth, once the calculation of the amount of recovery has been made then the legislature mandates that the court determine the maximum liability for each liable defendant. §33.013 Tex. Civ. Prac. & Rem. Code. A defendant is liable to a claimant only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility. §33.013(a) Tex. Civ. Prac. & Rem. Code.

Finally, if the amount calculated under §33.012 is less than the limit of the liable defendant's maximum liability under §33.013 then that is the amount of the judgment. If the amount calculated under §33.012 is more than the defendant's maximum liability under §33.013 the judgment is limited to the liable defendant's limit as calculated under §33.013(a).

As observed by this Court §33.012 and §33.013 do not reference each other nor require that they be used sequentially. Pilgrim's Pride Corporation v. Cernat, 205 S.W.3d 110, 114-115 (Tex. App. – Texarkana 2006, pet. denied). *Id.* Sections 33.012 and 33.013 operate independently and are dependent upon the circumstances of each case. The two sections pose separate inquiries: §33.012 controls the claimant's total recovery while §33.013 governs the defendant's separate liability. *Id.* Martin K. Eby Const. Co. v. Lan/Stv, 350 S.W.3d 675, 683 (Tex. App. – Dallas 2011, rev'd on other grounds). Sections 33.012 and 33.013 are not to be used

11

sequentially to reduce claimants' recoveries. Pilgrim's Pride, 205 S.W.3d at 115. This legislative scheme is simple and works well unless someone begins to deviate from its clear dictates.

**Appellant's Argument**

Appellant attempts to persuade this Court to construe §33.012 and §33.013 as ambiguous or in conflict with one another. (Appellant's Brief p.15-17). Appellant attempts to convince this Court to apply §33.012 and §33.013 sequentially to first include a reduction in the amount of damages found by the jury for the percentage assessed against Premier, the responsible third party, and then to manipulate the jury's percentage allocation. (See Appellant's Brief p. 17-18). This construction is a variation of the argument that was rejected by this Court and the Texas Supreme Court in Roberts v. Williamson, 111 S.W.3d 113, 122-123 (Tex. 2003). The courts found that this argument is simply not supported by the legislative framework in Chapter 33, Tex. Civ. Prac. & Rem. Code.

Appellant's argument attempts to manipulate the starting amount for calculating the amount of recovery to achieve Appellant's desired result. (See Appellant's Brief p. 17-18). Appellant argues that to get to the starting point for determining the amount of recovery one must first reduce the amount of damages found by the jury by the percentages attributable to the responsible third party (Premier). This reduction distorts the language of Chapter 33. Appellant argues that

what the legislature really meant for the calculations under §33.012 is that the beginning point for calculation is "the amount of damages to be recovered." (Appellant's Brief p. 16). This argument is nonsensical in that the purpose of §33.012 is to "find the amount of recovery." Appellant claims the final calculation after the deductions under §33.012 to also be the starting point for the deductions under §33.012. Following the logic of this argument would create an ever shrinking infinite loop of deductions. Appellant points to no statutory authorization for this calculation and no case law to support its calculations. Because there is none![2]

Having changed the starting point to include responsible third party percentages, Appellant then argues that a further made up calculation is necessary to determine "responsibility for the remaining portion of the jury's award." (Appellant's Brief p. 20). Here Appellant argues that one must recalculate the parties' percentages of the remaining amount by a ratio between defendant's percentage and plaintiff's percentage. Appellant recalculates that it is only responsible for 50.7463% of the damages.[3] Nowhere is there any authority for such

---

[2] Appellant cites only two cases in its argument, neither of which is relevant to the argument and both of which are clearly distinguishable. Valley Grande Manor v. Pasedes, 2013 WL 3517806 (Tex. App. – Corpus Christi - 2013, pet. denied) is a case dealing with the application of settlement credits to a medical liability claim. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1 (Tex. 1991) was decided before the current proportionate liability scheme was enacted and the decision was based on the common law.

[3] Under Appellant's argument that 50.7463% would make Joyce Crane jointly and severally liable because its percentage would now be over fifty percent. §33.013(b)(1). That is surely not acceptable to Appellant.

a sequential second reduction to determine the starting point for the statutory calculation. Because there is none!

Appellant's argument, having reduced the damage amount twice prior to the new fictional starting point, then applies the legislative mandate of §33.012.[4] The effect of Appellant's argument is to twice take advantage of the designation of the responsible third party's percentage and is an impermissible double-deduction. By doing this made up calculation, amazingly, Appellant is able to produce a take-nothing judgment. Appellant's calculation proves once again: that if allowed to define the starting point, Appellant is able to achieve its desired result, but the machinations necessary to do so defy logic, the legislative system, and are puzzling at best. After analyzing Appellant's argument this Court must be left much like Alice – "too much puzzled to say anything."

---

[4] 
| | |
|---|---|
| Verdict plus prejudgment interest | $8,123,612.24 |
| Less Premier (RTP) percentage (33%) | 2,680,792.04 |
| | 5,442,820.20 |
| Less recalculated Bonner percentage (33/67) | 2,680,790.33 |
| | 2,762,029.87 |
| Less settlement credit | 3,100,000.00 |
| Amount of recovery | > - 0 - |

Doesn't reach §33.013(a).

## Proper Calculation of the Damages

Properly calculating the amount of recovery pursuant to the statute leads to a much different result. If no reductions were applied Bonner would be entitled to recover the amount of damages awarded by the jury plus the stipulated amounts and prejudgment interest ($8,127,583.12). Under §33.012(a), because the jury found Bonner to be 33% responsible, the jury's award must be reduced by Bonner's negligence. ($8,127,583.12 x 33% = $2,682,102.43; $8,127,583.12 – $2,682,102.43 = $5,445,480.69). Next, under §33,012(b) the jury's award must be further reduced by the amount of all settlements. ($5,445,408.69 – $3,100,000.00 = $2,345,480.69). So, after applying the legislatively mandated reductions of §33.012, Bonner's amount of recovery is $2,345,480.69. The trial court then determines Joyce Crane's amount of liability under §33.013. This is done by determining Joyce Crane's percentage of responsibility of the jury's award. ($8,127,583.12 x 34% = $2,763,378.26). This is Joyce Crane's maximum amount of liability. Because Bonner's recovery ($2,345,480.69) is less than Joyce Crane's maximum amount of liability ($2,763,378.26), Bonner's judgment is properly calculated to be $2,345,480.69[5].

---

[5] Verdict plus prejudgment interest . . . . . . . . . . . . . . . . . . . . . . . . . . $8,127,583.12

   Reduction for Plaintiff's Negligence (33%) . . . . . . . . . . . . . . . . . . 2,682,102.43

     Tex. Civ. Prac. & Rem. Code §33.012(a)

                                                            $5,445,480.69

   Reduction for Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,100,000.00

     Tex. Civ. Prac. & Rem. Code §33.012(b)

   Amount Recoverable Under Tex. Rem. & Prac. Code §33.012 . . . . $2,345,480.69

Appellant tacitly acknowledges that this is the proper method of calculating the judgment in its alternative calculation for the judgment. (Appellant's brief p.26).

The trial court properly followed the legislative scheme under Chapter 33 in calculating the judgment.

**Responsive Issue No. 2**

> **The declining principal formula only applies when the liable defendant is jointly and severally liable. Joyce Crane was not jointly and severally liable; therefore, the court properly calculated prejudgment interest.**

Appellant argues that the court improperly calculated the amount of prejudgment interest.

**Standard of Review**

The review of the trial court's calculation of prejudgment interest is done by this Court de novo. <u>Brainard v. Trinity Universal Ins. Co.</u>, 216 S.W.3d 809, 815-16 (Tex. 2006).

Prejudgment interest is constitutionally allowed by law as additional damages for the loss of use of the money due "as damages" during the lapse of time between

---

| | |
|---|---|
| Maximum Liability of Joyce (34%) | $8,127,583.12 |
| Tex. Civ. Prac. & Rem. Code §33.013 | x .34 |
| | $2,763,378.26 |
| **Amount of Recovery** | **$2,345,480.69** |

16

accrual of the claim and the date of judgment. Battaglia v. Alexander, 177 S.W.3d 893, 907 (Tex. 2005).

**Prejudgment Interest with a Liable Defendant**
**that is Not Jointly and Severally Liable**

Appellant argues that prejudgment interest in this case is controlled by Brainard v. Trinity Universal Ins. Co., 216 S.W.3d 809 (Tex. 2006). Brainard is an underinsured motorist case that relies on the method set forth in Battaglia to calculate prejudgment interest on a statutory underinsured motorist claim. Battaglia specifically limited its calculation to the situation where the non-settling defendant is jointly and severally liable. Battaglia, 177 S.W.3d at 907. [emphasis added]. Battaglia does not address how prejudgment interest should be calculated where the liable defendant is not jointly and severally liable. It stands to reason that the liable defendant is still liable for the prejudgment interest on its amount of liability. In such a case the prejudgment interest should be calculated pursuant to §304 et seq. of the Texas Finance Code.

Here, Bonner's judgment is not based upon a statutory claim nor upon Joyce Crane's being jointly and severally liable. Therefore, neither Brainard nor Battaglia applies.

**Joyce Crane's Liability for Prejudgment Interest**

Joyce Crane was not jointly and severally liable. Therefore the trial court calculated prejudgment interest against Joyce Crane based upon the past damages awarded by the jury. See §304.105 Texas Finance Code. It did so by giving credit to Joyce Crane for the settlements by the non-responsible defendants at the time those settlements were paid. The settlements were made by parties (Carothers Construction and Self Concrete) that the jury specifically found were not responsible for any of the damages upon which the prejudgment interest was calculated. The settlements were made by parties that the jury specifically found were not responsible for the damages for which the prejudgment interest will be calculated. The court then applied §304.104 Texas Finance Code and calculated the prejudgment interest as simple interest at 5% under §304.003. The total prejudgment interest calculated under the Finance Code for Joyce Crane was $617,773.43. The trial court properly calculated the prejudgment interest.

Alternatively, if this Court chooses to follow Appellant's argument with respect to calculating prejudgment interest, the correct amount of the judgment would be $1,937,467.32.

## CONCLUSION

The trial court did not err by following the legislatively mandated scheme to form the judgment. Appellant's puzzling calculations would only lead this Court into an error that the trial court awarded by following the law.

The trial court properly calculated the prejudgment interest in a case where Joyce Crane was not jointly and severally liable.

The judgment should be affirmed.

WHEREFORE, PREMISES CONSIDERED, Appellee, GORDON RAY BONNER, prays that this Court affirm the judgment of the trial court, award him his court costs on appeal; and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

/s/ *John R. Mercy*

John R. Mercy
Texas State Bar No. 13947200
MERCY ✠ CARTER ✠ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503
Telephone: (903) 794-9419
Facsimile: (903) 794-1268
E-mail: jmercy@texarkanalawyers.com

19

Kelly Clements
Texas State Bar No. 17098500
Robert Clements
Texas State Bar No. 00789785
CLEMENTS & CLEMENTS
731 N. Paulus
Dallas, TX 75214
Phone: (214) 827-1122
Fax:     (214) 827-1126
Email:  kelly@clementslaw.com
Email:  robert@clementslaw.com

ATTORNEYS FOR APPELLEE

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Brief of Appellee* was served on all counsel of record via electronic transmission on this 27th day of April, 2015, as follows:

Mr. J. Jeffery Richardson
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Email: jeffrichardson@nortonrosefulbright.com

Rosemarie Kanusky
NORTON ROSE FULBRIGHT US LLP
300 Convent, Suite 2100
San Antonio, TX 78205
Email: rosemarie.kanusky@nortonrosefulbright.com

Mr. Paul A. Bezney
ADKERSON, HAUDER & BEZNEY, P.C.
1700 Pacific Ave., Suite 4450
Dallas, TX 75201-3005
Email: paul@ahblaw.net

Mr. J. Kevin Kindred
ADKERSON, HAUDER & BEZNEY, P.C.
1700 Pacific Ave., Suite 4450
Dallas, TX 75201-3005
Email: kevin@ahblaw.net


        /s/ *John R. Mercy*
        John R. Mercy



## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that the foregoing Brief of Appellee contains 2,964 words. This is a computer-generated document created in WordPerfect using 14-point typeface. In making this certificate I am relying on the word count provided by the software used to prepare the document.


        /s/ *John R. Mercy*
        John R. Mercy