In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-16-00037-CV
_____

**EDWARD LONGORIA, Appellant**

**V.**

**K AND K TREE AND TRACTOR, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-07-07676-CV**

**ORDER**

Edward Longoria filed a declaration of inability to pay costs in the appellate court and requested that a clerk's record be prepared.  *See* Tex. R. App. P. 20.1(c)(1), (3). The appellee filed a contest. *See* Tex. R. App. P. 20.1(e). When an affidavit of indigence is filed in the appellate court and a contest is filed, the Court may refer the matter to the trial court.  *See* Tex. R. App. P. 20.1(h)(4).

It is, therefore, ORDERED that the appeal is abated and the case is remanded to the trial court for a determination of the appellant's indigence. The

trial court shall hear evidence and grant the appropriate relief.[1] *See* Tex. R. App. P. 20.1(h)(4). The trial court shall set a hearing and notify the parties and the court reporter of the setting. The appellant must be provided an opportunity to participate in the hearing, in person or by telephone or through any reasonably effective form of remote access. The trial court shall either conduct a hearing within ten days of receiving the referred contest from this Court or within that time sign an order extending the hearing date for not more than twenty days. *See* Tex. R. App. P. 20.1(i) (1), (2)(B), (3). Unless the trial court signs an order sustaining the contest within the period set for the hearing, the affidavit's allegations will be deemed true. *See* Tex. R. App. P. 20.1(i)(4). If the trial court determines that the appellant is not indigent because he owns assets that are sufficient to pay the costs of an appeal, the trial court shall determine whether those assets are in the control of the appellee and shall determine whether sufficient funds to pay the costs of an appeal have

---

[1] The appellee argues in part that the appellant should be denied a free record because he failed to timely file his notice of appeal and failed to comply with the procedure for obtaining additional time to perfect an appeal. *See generally* Tex. R. Civ. P. 306a.5. In connection with the hearing herein ordered, the trial court may, but is not required to, make an order concerning the date the appellant received notice of the trial court's judgment. *See* Tex. R. App. P. 4.5(d). On March 7, 2016, the appellant submitted a declaration that he delivered a motion for reconsideration to the prison authorities for mailing on December 17, 2015. *See Warner v. Glass*, 135 S.W.3d 681 (Tex. 2004). The trial court may receive evidence concerning the date the appellant submitted his filings to the prison mail system, but the Court of Appeals shall determine whether the appellant timely perfected his appeal.

2

been deposited in the appellant's inmate account. A supplemental clerk's record containing any orders signed by the trial court in connection with the contest and any documents filed with the trial court in connection with the contest, together with a reporter's record of any hearing conducted pursuant to this Order, shall be filed with the Court of Appeals by June 13, 2016.

ORDER ENTERED May 12, 2016.

PER CURIAM

Before McKeithen, C.J., Kreger and Horton, JJ.