

# Fourth Court of Appeals
## San Antonio, Texas

May 24, 2016

No. 04-16-00190-CV

John M. **DONAHUE**,
Appellant

v.

**CITY OF BOERNE CHIEF OF POLICE JAMES KOEHLER**, Officer Pablo Morales,
and Martha L. Donohue,
Appellee-s

From the County Court at Law, Kendall County, Texas
Trial Court No. 15-003-CCL
Honorable William R. Palmer Jr., Judge Presiding

# O R D E R

John M. Donohue has filed a notice of restricted appeal, seeking to appeal the judgments dismissing his claims against James Koehler in his capacity as Chief of Police of the City of Boerne, Officer Pablo Morales, and Martha L. Donohue.

Appellant's claims against Chief Koehler and Officer Morales were dismissed on September 10, 2015, when the trial court granted those defendants' plea to the jurisdiction. In an order signed on that date, the trial court also severed the claims against Chief Koehler and Officer Morales, making the judgment final. However, the record does not reflect that the trial court clerk assigned a new cause number to the severed action.

On September 23, 2015, Donohue filed a timely motion to reconsider the dismissal of his claims against Chief Koehler and Officer Morales. Accordingly, a notice of appeal from the severed dismissal was due December 9, 2015, or a motion for extension of time to file the notice of appeal was due fifteen days later, on December 24, 2015. *See* TEX. R. APP. P. 26.1(a), 26.3.

On October 2, 2015, the trial court dismissed with prejudice the remaining claims in the case, including those against Martha L. Donohue.[1]  On October 22, Donohue filed a timely

---

[1] It appears from the record that Martha L. Donohue was never served with process, nor did she make an appearance in the case. Donohue's appeal of the trial court's October 2, 2015, dismissal of his claims against defendants other than Martha L. Donohue is the subject appeal no. 04-15-00695-CV, which is proceeding separately.

motion to reinstate and to allow him to amend his pleadings. Accordingly, a notice of appeal from the October 2 dismissal was due December 31. *See* TEX. R. APP. P. 26.1(a); *Kirschberg v. Lowe*, 974 S.W.2d 844, 847-48 (Tex. App.—San Antonio 1998, order)(holding appellate timetable is extended by any postjudgment motion that assails the trial court's judgment and that is filed within time for filing motion for new trial), *disp. on merits*, No. 04-98-00307-CV, 1999 WL 816119 (Tex. App.—San Antonio 1999, no pet.).

Donohue mailed a notice of appeal on November 1, 2015[2], identifying Chief Koehler and Officer Morales as appellees and also indicating his desire to appeal the October 2, 2015 dismissal. On December 18, 2015, Donohue mailed[3] a motion expressly requesting that an appeal proceed against City of Boerne Chief of Police James Koehler, Officer Pablo Morales, and Martha L. Donohue. On April 1, 2016, Donohue filed a notice of restricted appeal against these three appellees.

The record has been filed. Having reviewed the clerk's record, we conclude that Donohue's November 1, 2015 and December 18, 2015 filings were timely and sufficient to effect an appeal against these appellees. *See* TEX. R. APP. P. 26.1(a), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615 (1997). We therefore **order** this appeal to proceed as a timely, regular appeal against James Koehler in his capacity as Chief of Police of the City of Boerne, Officer Pablo Morales, and Martha L. Donohue.

Appellant has filed a request for a copy of the appellate record and for an extension of time to file his brief. We **grant** the motion and order the Clerk of this court to send appellant a copy of the record. We **order** appellant's brief in compliance with Rule 38.1 of the Texas Rules of Appellate Procedure is due **June 23, 2016**.



Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of May, 2016.

Keith E. Hottle
Clerk of Court

---

[2] The notice was received and file-stamped November 5, 2015. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (holding pro se inmate's civil pleading is filed when inmate places document into prison mail system).

[3] The motion was file-stamped December 28; however, it was mailed December 18 and was post-marked December 21, 2015. *See Warner*, 135 S.W.3d at 684.