

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00109-CV

THOMAS FLORENCE                                                    APPELLANT

V.

MARTINAY DAVENPORT III;                                            APPELLEES
JAMES STIVERS, GRIEVANCE
INVESTIGATOR; JAMES ANDERS,
ASSISTANT WARDEN; MARK
ROTH, STEP II GRIEVANCE
INVESTIGATOR; TDCJ-CID

----------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
## TRIAL COURT NO. 183,643-B

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellant Thomas Florence, an inmate, appeals the dismissal of his civil suit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

## BACKGROUND

As we understand Florence's complaint, Officer Martinay Davenport filed a false report against him for masturbating in public after she allegedly saw him masturbating at his cell door and later falsely testified against him at a hearing. After the hearing, the hearing officer found Florence not guilty based upon conflicting testimony and a video that failed to show him at his cell door.

Thereafter, Florence filed a Step I grievance against Officer Davenport for filing a false report, for giving false testimony, and for misconduct. James Stivers, the Step I grievance investigator, whose signature on the Step 1 "Offender Grievance Form" is not legible but whose investigator identification number (investigator # I0894) is, took no action because Florence "did not receive a disciplinary case" and because "Officer Davenport stated that she did not write a case."

Florence then filed a Step II grievance against Stivers and Officer Davenport. Florence maintained that Stivers was covering up for the prison staff because Florence had spoken to Officer Davenport, who had told him that no grievance investigator had spoken to her. Florence further asserted that Officer Davenport had denied telling any grievance investigator that she had not charged him. Mark Roth, the Step II grievance investigator, ruled as follows:

Your Step 1 grievance investigation and response have been reviewed by this office and appears to be appropriate and correct. Records indicate you were at your cell door when Officer [Davenport] turned on the light and saw you masturbating. No new evidence [w]as found to support your claims of misconduct by Officer Davenport or that you were written a false case. Further action is unwarranted at this time.

Florence responded by filing a petition, which he calls a "Civil Complaint," in district court. He attached the "TDCJ Disciplinary Report and Hearing Record" to his "Civil Complaint." Florence sued Appellees Officer Davenport, Stivers, Roth, Assistant Warden James Anders, and TDCJ-CID.

On January 7, 2016, Appellees filed a "Motion to Dismiss Pursuant to Chapter 14." "Chapter 14" refers to Chapter 14 of the civil practice and remedies code, which applies to civil suits in which an "affidavit or unsworn declaration of inability to pay costs is filed by the inmate."[2] Florence was attempting to proceed as an indigent. On the same date, the trial court ordered Florence's claims dismissed with prejudice for failure to comply with Chapter 14.

## ARGUMENT

In one issue, Florence argues that the trial court abused its discretion by adopting Appellees' misrepresentations and granting their motion to dismiss. Florence's brief addresses many of the points that Appellees raised in their motion to dismiss. Florence's brief does not, however, address the one point Appellees raised that interests us—whether he filed his suit "before the 31st day

---

[2]Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2016).

after the date" he received the ruling in his Step II grievance, as required by section 14.005(b).[3]

In their motion to dismiss, Appellees asserted a series of arguments in which they contended that Florence had not complied with Chapter 14. One of their arguments was that Florence, after receiving the written decision on his Step II grievance, failed to file his suit "before the 31st day after the date [he] receive[d] the written decision."[4] Appellees maintained that Florence received the Step II grievance result on October 5, 2015, but he did not file his suit until November 23, 2015, which was not timely.[5]

Our review of the record shows that Roth made his Step II grievance response on October 5, 2015. The Step II "Offender Grievance Form" does not show when Florence received it. In Florence's "Civil Complaint," he states that he received the October 5, 2015 ruling on October 19, 2015, and directs us to the Step II "Offender Grievance Form," on which there is an "October 19, 2015" stamp. We can see the October 19, 2015 stamp, but without Florence's explanation, the stamped date's significance is not clear from the form itself. Because Florence admits receiving the Step II ruling on October 19, 2015, we will use that date to determine whether he timely filed his "Civil Complaint."

---

[3]*Id.* § 14.005(b) (West 2002).

[4]*See id.*

[5]*See id.*

4

Thirty-one days from October 19, 2015, was Thursday, November 19, 2015.[6] Florence filed his suit on Monday, November 23, 2015. He therefore filed his "Civil Complaint" too late under section 14.005(b).[7] In his brief, Florence never addresses why he filed his suit late.

In his reply brief, however, Florence asserts that his civil suit was filed timely. He directs us to Exhibits A1 and A2 attached to his brief. Attachments to briefs are not part of the record and cannot be considered.[8] However, Florence's Exhibits A1 and A2 roughly correspond to the clerk's index that does appear in the clerk's record, which we can consider.

From reviewing the index found in the clerk's record and the clerk's record itself, our understanding is that Florence mailed the paperwork for his suit in two envelopes. The contents of one envelope were filed on November 23, 2015. The contents of the other envelope were filed on December 7, 2015. As will be discussed below, the documents filed on November 23, 2015, appear to have been mailed no earlier than November 20, 2015, and we cannot determine from the record when the documents filed on December 7, 2015, were mailed.

---

[6] *See* Tex. R. Civ. P. 4.

[7] *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b).

[8] *See Van De Loo v. Van De Loo*, No. 05-00-01010-CV, 2001 WL 541457, at *1 n.1 (Tex. App.—Dallas May 23, 2001, no pet.) (not designated for publication).

5

Among the documents filed on November 23, 2015, are (1) the "Civil Complaint," dated November 11, 2015, (2) a signed declaration under section 14.004, dated November 20, 2015, (3) what appears to be a cover letter dated November 20, 2015, and (4) a certified copy of Florence's trust account statement, dated November 10, 2015. Florence signed his "Civil Complaint" on November 11, 2015, but his certificate of service shows simply where he mailed his "Civil Complaint" and not when he mailed his "Civil Complaint." There is no envelope accompanying these documents. Based upon the cover letter and the signed declaration, the earliest this set of documents could have been mailed was November 20, 2015.

The November 20, 2015 cover letter itself provides, "My 2nd Envelope, was returned for postage. It contained the I.F.P. [in forma pauperis] form that compl[ies] with 45 T.R.C.P. Enclosed is T.R.C.P/ Rem. Code. 14.004 compliance ['Affidavit Relating to Previous Filings']. All other mandates are met and said pleadings." Appellant points to no evidence in the record, however, that indicates that his petition ("Civil Complaint") was filed before November 20, 2016.

Among the documents filed on December 7, 2015, are Attachments 6, 7, 8, 9, 10, and 11 to the "Civil Complaint" (but not the "Civil Complaint" itself, which was filed on November 23, 2015) and a duplicate of the certified copy of Florence's trust account statement. There is also an envelope that the clerk, in its index, categorized as accompanying these documents, but its postmark is not legible.

6

Although Florence does not articulate why he believes he filed his civil suit timely, the only possible ground for timeliness that we perceive is the Texas Supreme Court's rule delivered in *Warner v. Glass* that under the Inmate Litigation Act, a pro se inmate's civil petition, enclosed in a properly addressed and stamped envelope or wrapper, is deemed filed when given to prison authorities for mailing.[9]  But this rule does not help Florence.  There is no evidence in the record that he filed his claim before the 31st day after October 19, which would have been November 19, 2015.  The earliest day his claim was filed, according to the record, was November 20, 2015.  Thus, the record shows that he filed his claim too late.

Because Florence did not file his suit before the 31st day after the date he received the ruling in his Step II grievance, as required by section 14.005(b), we hold that the trial court did not abuse its discretion by dismissing his suit.[10]  We overrule Florence's issue.

In Florence's August 8, 2016 document filed before Appellee's brief, which we treated as his supplemental brief, and again in his reply brief, he raises the supplemental issue that the dismissal order should have been without prejudice

---

[9]135 S.W.3d 681, 684–85 (Tex. 2004).

[10]*See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b).

7

instead of with prejudice. But Florence could not amend his pleadings to remedy the untimely filing of his petition.[11] We overrule his supplemental point.

## CONCLUSION

The trial court's order dismissing Florence's claims with prejudice is affirmed. All of Florence's pending requests for relief are denied.


/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DELIVERED: December 1, 2016

---

[11]*See Geiger v. Milburn*, No. 02-13-00250-CV, 2014 WL 487190, at *3 (Tex. App.—Fort Worth Feb. 6, 2014, no pet.) (mem. op.).