

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00237-CV
### NO. 02-16-00238-CV
### NO. 02-16-00239-CV
### NO. 02-16-00240-CV
### NO. 02-16-00241-CV
### NO. 02-16-00242-CV
### NO. 02-16-00243-CV

JAMES L. MUNDIE JR.                                                APPELLANT

V.

THE STATE OF TEXAS                                                 APPELLEE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NOS. F-2001-0224-C, F-2001-0225-C, F-2001-0226-C,
F-2001-0227-C, F-2001-0228-C, F-2001-0229-C, F-2001-0230-C

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellant James L. Mundie Jr. appeals the trial court's denial of his motion to rescind an order to withhold funds from his inmate trust account. We will affirm.

Mundie is an inmate incarcerated in the Jester III Unit of the Texas Department of Criminal Justice (TDCJ). On August 31, 2001, the trial court signed seven separate judgments—five convicting Mundie of burglary of a habitation and sentencing him to twenty-five years' confinement in each case, one convicting Mundie of aggravated robbery and sentencing him to thirty-five years' confinement, and one convicting Mundie of assaulting a public servant and sentencing him to thirty-five years' confinement. Each judgment assessed court costs or fees against Mundie in the amount of $289.50. On March 4, 2016, the trial court signed an order obligating the TDCJ to withdraw the unpaid costs or fees from Mundie's inmate account in the consolidated amount of $2,026.50. Shortly thereafter, Mundie filed a motion to rescind the order, which the trial court denied by written order.

The State argues that we lack jurisdiction over this appeal because Mundie failed to timely file his notice of appeal. The trial court denied Mundie's motion on April 27, 2016. The post office date-stamped the envelope containing Mundie's notice of appeal on June 13, 2016. *See Campbell v. State*, 320 S.W.3d 338, 342 (Tex. Crim. App. 2010) (explaining that under the "prisoner mailbox rule," a pro se inmate is deemed to have filed his properly addressed notice of appeal when it is delivered to the appropriate prison authorities to be mailed);

2

*Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (adopting prisoner mailbox rule). When a notice of appeal is filed beyond the time allowed by rule 26.3 but within the fifteen-day grace period provided by rule 26.3 for filing an extension of time, we will imply the filing of a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). June 13, 2016 was the fifteenth day after the deadline for filing the notice of appeal, *see* Tex. R. App. P. 4.1(a), 26.1, and Mundie provided a reasonable explanation to support the late filing—he did not receive the order denying his motion until June 7, 2016. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998) (requiring appellant to provide reasonable explanation for late filing even when rule 26.3 motion for extension of time is implied). Mundie's notice of appeal was therefore timely.[2]

Mundie argues in his only issue that by waiting until 2016 to withhold funds from his trust account to pay for court costs that were assessed in 2001, the State is committing an "unlawful act" under 28 U.S.C.A. § 2462, which bars the federal government from bringing suit to enforce "any civil fine, penalty, or forfeiture" after five years from the date when the claim first accrued. *See* 28 U.S.C.A. § 2462 (West 2006). The Texas Government Code, not the United States Code, governs the withdrawal of funds from Mundie's trust account. *See* Tex. Gov't Code Ann. § 501.014(e) (West Supp. 2016); *Harrell v. State*, 286

---

[2]Mundie states that the delay between when the trial court signed the order denying his motion and when he received the order violated his right to due process, but as explained, Mundie's notice of appeal was timely filed, and he does not otherwise explain how the delay denied him due process.

S.W.3d 315, 318 (Tex. 2009) (explaining that section 501.014(e) withdrawal order is civil in nature and authorized by government code section 501.014). Further, section 501.014 does not contain a limitations period requiring a court to issue a withholding order before the expiration of a certain period of time from the date of the inmate's judgment of conviction. *See* Tex. Gov't Code Ann. § 501.014. Mundie asserts no other arguments. We overrule Mundie's only issue and affirm the trial court's order denying his motion to rescind the withholding order.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: December 22, 2016