

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00255-CR

IN RE ANTHONY SCOTT BROWN, RELATOR

ORIGINAL PROCEEDING

August 14, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Anthony Scott Brown, proceeding pro se and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Dee Johnson, Presiding Judge of the 47th District Court of Randall County, Texas, to rule on his pending motion for DNA testing filed pursuant to chapter 64 of the Texas Code of Criminal Procedure.[1] For the reasons expressed herein, we conditionally grant mandamus relief.

Brown filed a verified *Motion for Forensic DNA Testing Under Chapter 64 of the Texas Code of Criminal Procedure* accompanied by his affidavit. He requests testing of

---

[1] This proceeding arises from this Court's opinion and judgment affirming Brown's conviction for manufacture or delivery of methamphetamine. *See Brown v. State*, No. 07-22-00107-CR, 2023 Tex. App. LEXIS 1028, at *1 (Tex. App.—Amarillo Feb. 16, 2023, no pet.) (mem. op., not designated for publication).

specific items of evidence he asserts contain biological material related to his conviction for manufacture or delivery of methamphetamine which would exonerate him.[2]  On April 9, 2024, the trial court notified Brown by letter that it could not act on his request due to a loss of jurisdiction and plenary power.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists.  *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).  When seeking mandamus relief, a relator bears the burden of proving these two requirements.  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles.  *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).  To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act.  *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

---

[2] The petition complies with Rule 52.3 of the Texas Rules of Appellate Procedure.

**ANALYSIS**

Brown asserts the trial court had a ministerial duty to enter an order either granting or denying his motion and that he is without an adequate remedy at law. Relying on *Skinner v. State*, 484 S.W.3d 434 (Tex. Crim. App. 2016), *State v. Patrick*, 86 S.W.3d 592 (Tex. Crim. App. 2002), and other authorities, he correctly argues that a trial court has limited jurisdiction to perform functions specified by law such as determining entitlement to DNA testing. *See Skinner*, 484 S.W.3d at 437 (citing *Patrick*, 86 S.W.3d at 594).[3] *See also State v. Brent*, 634 S.W.3d 911, 917–18 (Tex. Crim. App. 2021) (noting "DNA motions do not depend on plenary power"); *State ex rel. Ogg*, __ S.W.3d __, 2024 Tex. Crim. App. LEXIS 590, at *5–6 (Tex. Crim. App. 2024) (noting that after mandate issues, general jurisdiction is not restored in the trial court except for certain post-conviction matters authorized by statute such as DNA testing). We conclude the trial court had authority to rule on Brown's motion for DNA testing.

That said, however, the trial court has a reasonable time within which to perform its ministerial duty to rule on a properly pending motion. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed depends on the circumstances of each case. *Ex parte Barnes*, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

---

[3] Prior to the enactment of chapter 64, the trial court would not have had jurisdiction to enter any order related to post-conviction DNA testing. *Patrick*, 484 S.W.3d at 596.

In *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004), the Court held that mail deposited by an inmate with the prison mail system is deemed filed on that day. According to Brown's *Certificate of Service*, he deposited his motion in the prison mail system on March 15, 2024. Thus, it has been deemed filed in the trial court for approximately five months and the trial court's letter dated April 9, 2024, declining to consider the motion shows the trial court was aware of the motion. *See In re Black*, 640 S.W.3d 894, 898 (Tex. App.—Amarillo 2022, orig. proceeding) (finding less than three months between the filing of a motion for summary judgment and entry of a final judgment not an unreasonable delay). *But see In re Smith*, No. 07-13-00345-CV, 2013 Tex. App. LEXIS 15159, at *4 (Tex. App.—Amarillo Dec. 17, 2013, orig. proceeding) (finding eight months to be an unreasonable delay).[4]

The mandamus record before us demonstrates the trial court has a ministerial duty to rule on Brown's motion for DNA testing and that he has no adequate remedy at law. Thus, he has shown himself entitled to mandamus relief.

## CONCLUSION

Brown's petition for a writ of mandamus is conditionally granted only to the extent he seeks a ruling on his pending motion for DNA testing.[5] We express no opinion on the

---

[4] An evidentiary hearing is not required on a motion for DNA testing. *See Ex parte Gutierrez*, 337 S.W.3d 883, 893 (Tex. Crim. App. 2011). Instead, if DNA testing is ordered, article 64.04 requires the convicting court to hold a hearing on the results to make a finding on whether, had the results been available during trial, it is reasonably probable that the person would not have been convicted.

[5] This Court may not direct the trial court on how to rule on the motion and Brown's dissatisfaction with the ruling is not the proper subject for mandamus. *See In re Watson*, No. 07 11-00157-CV, 2011 Tex. App. LEXIS 6493, at *4 (Tex. App.—Amarillo Aug. 15, 2011, orig. proceeding). A ruling on a chapter 64 motion for DNA testing is an appealable order governed by the Texas Rules of Appellate Procedure. Tex. Code Crim. Proc. Ann. art. 64.05; *Patrick*, 86 S.W.3d at 594.

merits of any relief sought. We will direct the Clerk of this Court to issue a writ only in the event the trial court fails to comply with this Court's directive within thirty days of this opinion.

Per Curiam

Do not publish.